MATTHEW S. COVINGTON (SBN: 154429)
ALISSA PLEAU-FULLER (SBN: 258907)
BUCHALTER, A Professional Corporation
55 2ND ST STE 1700,
SAN FRANCISCO, CA 94105
Telephone: (415)-227-0900
Facsimile: (415) 227-0770
Email:  mcovington@buchalter.com
            apleaufuller@buchalter.com


PAUL J FRAIDENBURGH (SBN: 280354)
BUCHALTER, A Professional Corporation
18400 VON KARMAN AVE STE 800
IRVINE, CA 92612
Telephone: (949) 760-1121
Email:  pfraidenburgh@buchalter.com

Attorneys for Defendant

CIRCLE K STORES INC., a Texas corporation

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WINDY COVE, INC, a California corporation; AAA ABLE, INC, a California corporation, dba UNIVERSITY CITY MOBIL AND SOUTH BAY; S & G ZAVARO, INC., a California corporation, dba MIRAMAR MOBIL; NEWKIRK'S SANTA FE SERVICE, INC., a California corporation; DIAMOND BAR PETROLEUM, INC., a California corporation, dba DIAMOND BAR MOBIL; S & Z PETROLEUM, INC., a California corporation, dba HAVEN MOBIL; OCEANSIDE AKAM OIL INC., a California corporation; and STAFFING AND MANAGEMENT GROUP INC., a California corporation, dba KAZMO, LLC., <br><br> Plaintiffs, <br><br> vs. <br><br> CIRCLE K STORES, INC., a Texas corporation; and DOES 1 through 20, inclusive, <br><br> Defendants. | Case No. **'21 CV 1416 MMA DEB** <br> [Removed from San Diego County Superior Court Case No. 37-2021-00029740-CU-BC-CTL] <br><br> **DEFENDANT CIRCLE K STORES INC.'S NOTICE OF REMOVAL** <br><br> Complaint Filed: July 13, 2021 |

1

**CIRCLE K STORES INC.'S NOTICE OF REMOVAL**

**TO THE CLERK OF COURT OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that Defendant CIRCLE K STORES INC., a Texas corporation ("Defendant" or "Circle K") (erroneously sued herein as Circle K Stores, Inc.) hereby removes the state court action described below from the Superior Court of the State of California for the County of San Diego, Case No. 37-2021-00029740-CU-BC-CTL, to the United States District Court for the Southern District of California pursuant to 28 U.S.C. §§ 1332, 1367, 1441, and 1446.

Removal of the state court case is proper because, as set forth below, there is complete diversity of the parties and the amount in controversy as alleged on the face of the complaint is in excess of $75,000.

**I.    JURISDICTIONAL STATEMENT**

    **a.    Removal Is Proper Based on Diversity Jurisdiction.**

        **i.    Procedural Background**

1.    On July 13, 2021, plaintiffs WINDY COVE, INC, a California corporation; AAA ABLE, INC, a California corporation, dba UNIVERSITY CITY MOBIL AND SOUTH BAY ("AAA"); S & G ZAVARO, INC., a California corporation, dba MIRAMAR MOBIL ("S&G Zavaro"); NEWKIRK'S SANTA FE SERVICE, INC., a California corporation ("Newkirk's"); DIAMOND BAR PETROLEUM, INC., a California corporation, dba DIAMOND BAR MOBIL ("Diamond Bar"); S & Z PETROLEUM, INC., a California corporation, dba HAVEN MOBIL ("S&Z Petroleum"); OCEANSIDE AKAM OIL INC., a California corporation ("Oceanside"); and STAFFING AND MANAGEMENT GROUP INC., a California corporation, dba KAZMO, LLC ("Staffing") (collectively, "Plaintiffs") commenced this action by filing an unverified Complaint for injunctive relief, damages, disgorgement, and other relief in the Superior Court of the State of California for the County of San Diego entitled *Windy Cove, Inc., et*

**CIRCLE K STORES INC.'S NOTICE OF REMOVAL**
BN 46500446v1

*al. v. Circle K Stores Inc., and Does 1 through 100, inclusive*, Case No. 37-2021-000297490-CU-BC-CTL ("Complaint").  A true and correct copy of the Complaint is attached and incorporated as Exhibit "A", all process, pleadings, and orders that have been filed to date in the Superior Court action are attached and incorporated as Exhibit "B" as required by 28 U.S.C. section 1446 (a).

2.      In their Complaint, the Plaintiffs attempt prematurely to terminate their long-term fuel supply contracts with Circle K.

3.      The Complaint alleges three causes of action against Circle K for: (1) Breach of Contract – Breach of Covenant of Good Faith and Fair Dealing; (2) Declaratory Relief; and (3) Unfair Business Practices.  (Complaint, ¶¶ 8-12.)

4.      Among the relief Plaintiffs seek are damages in excess of $75,000 based on alleged direct, incidental, and consequential damages, statutory civil penalties, prejudgment interest, and statutory attorney's fees. (Complaint, Prayer for Relief, ¶¶ 1-6.)

5.      On July 28, 2021,[1] Circle K's agent for service of process was served with the Summons, Complaint, Civil Case Cover Sheet and other supporting documents by a process server.

### ii.      Diversity Jurisdiction Is Satisfied

5.      This is a civil action over which this Court has diversity jurisdiction pursuant to 28 U.S.C. section 1332 and is one which may be removed by Circle K pursuant to 28 U.S.C. section 1441 (b).

6.      The requirements for diversity jurisdiction are met as this is a civil action with an amount in controversy exceeding $75,000, exclusive of interest and costs, and is between citizens of different states.  Most of these facts can be established on the face of the Complaint.

---

[1] An incomplete service package was reportedly served on July 27, 2021, but the complete service package was not served on Circle K's agent for service of process until July 28, 2021.

**CIRCLE K STORES INC.'S NOTICE OF REMOVAL**

BUCHALTER
A Professional Corporation
Scottsdale

BN 46500446v1

## 1.    The amount in controversy exceeds $75,000.

7.    The requirement for diversity jurisdiction is that the amount in controversy exceed the sum of $75,000, exclusive of interest and costs.  28 U.S.C. §1332(a).  In determining whether a complaint meets the $75,000 threshold amount set forth in 28 U.S.C. § 1332(a), a court must consider the aggregate amount of all the claims, not the amount involved in each individual claim.  *Campbell v. Hartford Life Ins. Co.*, 825 F. Supp. 2d 1005, 1008 (E.D. Cal. 2011) (diversity statute confers jurisdiction over entire action, not just specific claims alleged in complaint, and, therefore, claims of single plaintiff are aggregated in order to satisfy amount in controversy).

8.    To satisfy the amount in controversy requirement, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 81 (2014).  Similarly, the amount-in-controversy allegation of a defendant seeking federal-court adjudication "should be accepted when not contested by the plaintiff or questioned by the court." *Id.*  Thus, removal is proper if, from the allegations of the Complaint and the Notice of Removal, it is more likely than not that the claims exceed $75,000, exclusive of interest and costs. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996).

9.    The fact that a complaint fails to specify the total amount of damages in a dollar amount does not deprive this Court of jurisdiction.  See *Banta v. Am. Med. Response Inc.*, 2011 U.S. Dist. LEXIS 77558, at *4 (C.D. Cal. July 15, 2011) (defendant may remove suit to federal court notwithstanding the failure of plaintiff to plead a specific dollar amount in controversy; if the rules were otherwise, "any plaintiff could avoid removal simply by declining to place a specific dollar claim upon its claim"); see also *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1031-35 (N.D. Cal. 2002) (holding that plaintiff's damage claim, including lost wages, lost

BUCHALTER
A PROFESSIONAL CORPORATION
SCOTTSDALE

**CIRCLE K STORES INC.'S NOTICE OF REMOVAL**

earning capacity, medical expenses, emotional distress, and attorneys' fees, was enough to put the amount in controversy above $75,000).

10. Here, the fact that Plaintiffs are seeking damages in excess of $75,000 under the first cause of action is evident based on the combined allegations of the Complaint in Paragraph 17 (alleging Circle K charged "more than $0.40 per gallon more" than other distributors), Paragraph 25 (alleging these facts occurred throughout the four years prior to the filing of the Complaint), and Paragraph 29 (stating that "Plaintiffs have been damaged in an amount to be proven at trial."). Further, the remedy sought by the Complaint in Paragraph 30 in the form of termination of each of the agreements satisfies the amount in controversy threshold because each of the agreements has a remaining value to Circle K of over $75,000 (and generally exceeding $1 million for each), and because obtaining the terminations would have a value to each Plaintiff in excess of $75,000 according to the combined allegations of the Complaint.

11. The declaratory relief sought by Plaintiffs in the Second Cause of Action also independently satisfies the amount in controversy requirement because, as set forth in Paragraph 33 of the Complaint, each of the agreements also contains a liquidated damages provision that requires each of the Plaintiffs to pay Circle K liquidated damages an amount exceeding $75,000 in the event of such terminations.

12. Finally, the relief sought by Plaintiffs through the Third Cause of Action for unfair business practices also independently satisfies the amount in controversy threshold because the combined allegations of the Complaint in Paragraphs 35-40 seek "disgorgement of monies" which would exceed $75,000 according to the allegations stated in the Complaint. Likewise, Plaintiffs' statement that Circle K "should be enjoined from enforcement of brand covenants" independently satisfies the amount in controversy requirement because such brand covenants have an economic value in excess of $75,000 each.

BUCHALTER
A PROFESSIONAL CORPORATION
SCOTTSDALE

**CIRCLE K STORES INC.'S NOTICE OF REMOVAL**

BN 46500446v1

13.     Thus, although Circle K denies that it is liable for any amount of damages, the amount in controversy based on Plaintiffs' claims and allegations in the Complaint exceeds $75,000 exclusive of interest and costs.  See *Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 376-77 (1997).  Accordingly, the jurisdictional amount needed to establish diversity jurisdiction is met.

## 2.     Complete diversity exists.

14.     The second requirement, complete diversity of citizenship, is satisfied when all plaintiffs are diverse from all defendants.  28 U.S.C. §1332(a)(1).  Removal of such an action is appropriate when no defendant is a citizen of the same state in which the action was originally brought.  28 U.S.C. § 1441(a), (b).  For purposes of diversity, a corporation is deemed a citizen of: (1) the state under whose laws it is organized; and (2) the state of its "principal place of business."  28 U.S.C. § 1332(c)(1).  The citizenship of "Doe" defendants, however, is disregarded for removal purposes.  28 U.S.C. § 1441(b)(1); *Newcombe v. Adolf Coors Co.,* 157 F.3d 686, 690-91 (9th Cir. 1998) (holding that, for removal purposes, the citizenship of defendants sued under fictitious names shall be disregarded); see also *Soliman v. Philip Morris, Inc.*, 311 F.3d 966, 971 (9th Cir. 2002).

15.     Here, the diversity requirements are met because defendant Circle K is a Texas corporation with its principal place of business in Arizona, where it is headquartered, and where Circle K's high-level officers direct, control, and coordinate Circle K's activities.

16.     On the other hand, Plaintiffs are each a resident and citizen of the State of California.

17.     Plaintiff Windy Cove is, and was at all relevant times within the Complaint and herein, a California corporation with its principal place of business

BUCHALTER
A Professional Corporation
Scottsdale

**CIRCLE K STORES INC.'S NOTICE OF REMOVAL**
BN 46500446v1

in National City, California.  Windy Cove has its headquarters, offices and does business in San Diego County.

18.     Plaintiff AAA is, and was at all relevant times within the Complaint and herein, a California corporation with its principal place of business in San Diego, California.  AAA has its headquarters, offices and does business in San Diego County.

19.     Plaintiff S&G Zavaro is, and was at all relevant times within the Complaint and herein, a California corporation with its principal place of business in San Diego, California.  S&G Inc. has its headquarters, offices and does business in San Diego County.

20.     Plaintiff Newkirk's is, and was at all relevant times within the Complaint and herein, a California corporation with its principal place of business in San Diego, California.  Newkirk's has its headquarters, offices and does business in San Diego County.

21.     Plaintiff Diamond Bar is, and was at all relevant times within the Complaint and herein, a California corporation with its principal place of business in Diamond Bar, California.  Diamond Bar has its headquarters, offices and does business in Los Angeles County.

22.     Plaintiff S&Z Petroleum is, and was at all relevant times within the Complaint and herein, a California corporation with its principal place of business in Rancho Cucamonga, CA.  S&Z has its headquarters, offices and does business in San Bernardino County.

23.     Plaintiff Oceanside is, and was at all relevant times within the Complaint and herein, a California corporation with its principal place of business in San Diego, California.  Oceanside has its headquarters, offices and does business in San Diego County.

**CIRCLE K STORES INC.'S NOTICE OF REMOVAL**

BUCHALTER
A PROFESSIONAL CORPORATION
SCOTTSDALE

BN 46500446v1

24.     Plaintiff Staffing is, and was at all relevant times within the Complaint and herein, a California corporation with its principal place of business in Lakewood, California.  Staffing has its headquarters, offices and does business in Los Angeles County.  The Complaint has Staffing listed as doing business as Kazmo, LLC ("Kazmo").  Kazmo is, and was at all relevant times within the Complaint and herein, a California limited liability company with its principal place of business in Lakewood, California, and all of its members are residents and citizens of California.

25.     Accordingly, this Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) and the Superior Court action may be removed to this Court under 28 U.S.C. §§ 1441 and 1446.

## II.   ALL ADDITIONAL PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED.

### a.   Removal Is timely.

26.     Removal is timely.  Without conceding that service of the Summons and Complaint was effective for purposes of 28 U.S.C. § 1446(b), this Notice of Removal is timely filed under that section's requirement that it be filed within thirty (30) days of completion of service of the Complaint upon Circle K.  Circle K was served on July 28, 2021.  Accordingly, the last day to file this Notice of Removal is August 27, 2021.  This Notice of Removal is thus timely pursuant to 28 U.S.C. § 1446(b).  This Notice of Removal is also timely under 28 U.S.C. § 1446(b), as it is being filed within one (1) year of the commencement of the action.

### b.   This is Circle K's first Notice of Removal as to this action.

27.     No previous Notice of Removal has been filed or made with this Court for the relief sought herein, and Circle K has not previously sought similar relief.

BUCHALTER
A PROFESSIONAL CORPORATION
SCOTTSDALE

**CIRCLE K STORES INC.'S NOTICE OF REMOVAL**
BN 46500446v1

**c.**     <u>**The Case has been removed to the proper court.**</u>

28.     Venue is proper in this Court because the Superior Court action is pending in the San Diego County Superior Court, and the United States District Court for the Southern District of California is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

29.     A copy of this Notice of Removal is being promptly served upon counsel for Plaintiffs and a copy is being filed with the Clerk of the Superior Court of the State of California for the County of San Diego as required by 28 U.S.C. § 1446(d).

30.     If the Court has questions regarding the propriety of the removal of this Action, Circle K respectfully requests the opportunity to present a brief and oral argument in support of its position that this case is removable.

31.     By removing this action from San Diego County Superior Court, Circle K does not waive any defenses available to it.

32.     By removing this action from San Diego County Superior Court, Circle K does not admit any of the allegations in Plaintiffs' Complaint.

33.     For the foregoing reasons, Defendant Circle K respectfully requests that this action be removed from the Superior Court of the State of California for the County of San Diego to the United States District Court in the Southern District of California, and that all future proceedings in this matter take place in that District Court.

///
///
///
///
///
///

Buchalter
A Professional Corporation
Scottsdale

**CIRCLE K STORES INC.'S NOTICE OF REMOVAL**

BN 46500446v1

**WHEREFORE**, Circle K prays that the state court action now pending against it in the Superior Court for the State of California for the County of San Diego be removed to this United States District Court for the Southern District of California.

DATED:  August 6, 2021                    BUCHALTER, A Professional Corporation


By:  */s/Alissa R. Pleau-Fuller*
      Matthew S. Covington
      Alissa R. Pleau-Fuller
      Attorneys for Defendant
      CIRCLE K STORES INC.

BUCHALTER
A Professional Corporation
Scottsdale

**CIRCLE K STORES INC.'S NOTICE OF REMOVAL**
BN 46500446v1

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Windy Cove, Inc., et al. | CIRCLE K STORES INC., a Texas Corporation |

| (b) County of Residence of First Listed Plaintiff  San Diego County, CA | County of Residence of First Listed Defendant  Maricopa County, AZ |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)* |
| | NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |

| (c) Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |
|---|---|
| Kenneth P. Roberts, K.P. Roberts & Associates, APC 6355 Topanga Canyon Blvd., # 403, Woodland Hills, CA 91367  Tel. 818-888-3553 | Matthew Covington & Alissa Pleau-Fuller, Buchalter, APC, 55 Second Street, Ste. 1700, San Francisco, CA 94195; Telephone 415-227-0900 |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☐ 3 Federal Question *(U.S. Government Not a Party)*

☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | **SOCIAL SECURITY** | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Rights - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1 Original Proceeding

☒ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from Another District *(specify)*

☐ 6 Multidistrict Litigation - Transfer

☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
28 U.S.C. sect. 1332(a)(1); 28 U.S.C. sect. 2201

Brief description of cause:
(1) Breach of Contract - Breach of Covenant of Good Faith and Fair Dealing; (2) Declaratory Relief; and (3) Unfair Business Practice

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $ Decl. jdgmnt, inj. relief

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*  JUDGE _____  DOCKET NUMBER _____

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| August 6, 2021 | /s/Alissa R. Pleau-Fuller |

**FOR OFFICE USE ONLY**

RECEIPT #_____  AMOUNT_____  APPLYING IFP_____  JUDGE_____  MAG. JUDGE_____