UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WINDY COVE, INC., a California corporation; et al.,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>CIRCLE K STORES, INC., a Texas corporation; and DOES 1 through 20, inclusive<br><br>　　　　Defendant.<br><br>AND RELATED COUNTERCLAIM. | Civil No. 21-cv-01416-MMA-DEB<br><br>**ORDER GOVERNING DISCOVERY OF ELECTRONICALLY STORED INFORMATION** |

The Court ORDERS as follows:

1.　　This Order supplements all other discovery rules and orders. It streamlines Electronically Stored Information ("ESI") production to promote a "just, speedy, and inexpensive determination" of this action, as required by Federal Rule of Civil Procedure 1.

2.　　This Order may be modified for good cause. If the parties cannot resolve their disagreements regarding modifications, the parties may submit their

competing proposals and a summary of their dispute. Proposed modifications or disputes regarding ESI that counsel for the parties are unable to resolve will be presented to the Court at the initial case management conference, Fed. R. Civ. P. Rule 16(b) Scheduling Conference, or as soon as possible thereafter.

3. Costs will be shifted for disproportionate ESI production requests pursuant to Federal Rule of Civil Procedure 26. Likewise, a party's nonresponsive or dilatory discovery tactics will be cost-shifting considerations.

4. A party's meaningful compliance with this Order and efforts to promote efficiency and reduce costs will be considered in cost-shifting determinations.

5. General ESI production requests under Federal Rules of Civil Procedure 34 and 45 must not include metadata absent a showing of good cause. However, fields showing the date and time that the document was sent and received, as well as the complete distribution list, must generally be included in the production.

6. Each requesting party will limit its ESI production requests to a total of ten custodians per producing party for all such requests, excluding requests for email which are addressed in paragraphs 8-12. A custodian may be identified by job description or function so long as it identifies a single person. The parties may jointly agree to modify this limit without the Court's leave. The Court will consider contested requests for additional custodians per producing party, or requests for searches of servers, databases or other systems not maintained by a single person, upon showing of good cause and distinct need based on the size, complexity, and issues of this specific case. Should a party serve ESI production requests for additional custodians beyond the limits agreed to by the parties or granted by the Court pursuant to this paragraph, the requesting party may bear all reasonable costs caused by such additional discovery. While there is no per se limit on quantity of search terms for the identified custodians for non-email ESI, a party may not request more than twenty search terms absent consent or Order of the Court granted for good cause shown. Parties must meet and confer to limit ESI custodians and search terms

prior to approaching the Court for assistance on any ESI matters.  Each party must use a common set of search terms for all custodians of another party from whom it seeks ESI.  The Parties must meet and confer on a relevant time period and agree to a relevant time period to be applied to the data.

7. General ESI production requests under Federal Rules of Civil Procedure 34 and 45 must not include email or other forms of electronic correspondence (collectively "email").  To obtain email parties must propound specific email production requests.

8. Email production requests will only be propounded for specific issues, rather than general discovery of a product or business.

9. Email production requests must be phased to occur after the parties have exchanged initial disclosures and basic documentation, and the relevant finances.  While this provision does not require the production of such information, the Court encourages prompt and early production of this information to promote efficient and economical streamlining of the case.

10. Email production requests will identify the custodian, search terms, and time frame.  The parties will cooperate to identify the proper custodians, proper search terms and proper time frames.

11. Each requesting party must limit its email production requests to a total of five custodians per producing party for all such requests.  The parties may jointly agree to modify this limit without the Court's leave.  The Court will consider contested requests for additional custodians per producing party, upon showing of good cause and distinct need based on the size, complexity, and issues of this specific case.  Should a party serve email production requests for additional custodians beyond the limits agreed to by the parties or granted by the Court pursuant to this paragraph, the requesting party may bear all reasonable costs caused by such additional discovery.

12. Each requesting party will limit its email production requests to a total of five search terms per custodian per party. The parties may jointly agree to modify this limit without the Court's leave. The Court will consider contested requests for additional search terms per custodian, upon showing a distinct need based on the size, complexity, and issues of this specific case. The search terms must be narrowly tailored to particular issues. Indiscriminate terms, such as the producing company's name or its product name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction. A conjunctive combination of multiple words or phrases (e.g., "computer" and "system") narrows the search and will count as a single search term. A disjunctive combination of multiple words or phrases (e.g., "computer" or "system") broadens the search, and thus each word or phrase will count as a separate search term unless they are variants of the same word. Use of narrowing search criteria (e.g., "and," "but not," "w/x") is encouraged to limit the production and must be considered when determining whether to shift costs for disproportionate discovery. Should a party serve email production requests with search terms beyond the limits agreed to by the parties or granted by the Court pursuant to this paragraph, the requesting party may bear all reasonable costs caused by such additional discovery.

13. The receiving party must not use ESI that the producing party asserts is attorney-client privileged or work product protected to challenge the privilege or protection.

14. Pursuant to Federal Rule of Evidence 502(d), the inadvertent production of a privileged or work product protected ESI is not a waiver in the pending case or in any other federal or state proceeding.

///
///
///
///

1     15.    The mere production of ESI in a litigation as part of a mass production
2 will not itself constitute a waiver for any purpose.

3     IT IS SO ORDERED.

4 Dated:   October 18, 2021

_____
Honorable Daniel E. Butcher
United States Magistrate Judge