# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WINDY COVE, INC., a California corporation; AAA ABLE, INC., a California corporation, dba UNIVERSITY CITY MOBIL AND SOUTH BAY; S & G ZAVARO, INC., a California corporation, dba MIRAMAR MOBIL; NEWKIRK'S SANTA FE SERVICE, INC., a California corporation; OCEANSIDE AKAM OIL, INC., a California corporation; STAFFING AND MANAGEMENT GROUP, INC., a California corporation, dba KAZMO, LLC.; and HB FUEL, INC., a California corporation,<br><br>Plaintiffs,<br>vs.<br><br>CIRCLE K STORES, INC., a Texas corporation; and DOES 1 through 20, inclusive,<br>Defendants.<br><br>AND RELATED COUNTER CLAIM | Case No. 3:21-cv-01416-MMA (DEB)<br><br>**ORDER DENYING JOINT MOTION TO DISMISS COUNTERCLAIM NOS. 1, 3, 4, AND 5 PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(a)(1)(A)(ii)**<br><br>[Doc. No. 110] |

Plaintiffs and Counterclaim-Defendants Windy Cove, Inc. ("Windy Cove"), Staffing & Management Group, Inc. ("Staffing") and HB Fuel, Inc. ("HB Fuel"); and Counterclaim-Defendants KAZMO, LLC ("KAZMO"), Sun Rise Property, LLC, ("Sun Rise"), Mohammad Bahour, and Hamid Kalhor (collectively, the "Remaining Dealers"), and Defendant and Counter-Complainant Circle K Stores Inc. ("Circle K"), jointly move to dismiss Circle K's first, third, fourth, and fifth counterclaims for (1) Declaratory Relief – Brand Covenant Within Circle K Grant Deeds; (3) Declaratory Relief – Brand Covenant Within ExxonMobil Grant Deed (Windy Cove); (4) Declaratory Relief – Use Covenant Agreements; and (5) Injunctive Relief against Windy Cove, Staffing, HB Fuel, KAZMO, Sun Rise, Mohammad Bahour, and Hamid Kalhor.  Doc. No. 110.  The parties cite Federal Rule of Civil Procedure 41(a)(1)(A)(ii) as the basis for dismissal.  *See id.*

Rule 41(a) applies only to voluntary dismissal of "an action," not to certain claims within an action.  *See* Fed. R. Civ. P. 41(a).  "Federal Rule of Civil Procedure 15(a) is the appropriate mechanism where a plaintiff desires to eliminate an issue, or one or more but less than all of several claims, but without dismissing as to any of the defendants."  *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1392 (9th Cir. 1988) (citations and internal quotation marks omitted); *see also Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 687 (9th Cir. 2005) ("[W]ithdrawals of individual claims against a given defendant are governed by Fed. R. Civ. P. 15, which addresses amendments to pleadings.") (citation omitted); *Gen. Signal Corp. v. MCI Telecommunications Corp.*, 66 F.3d 1500, 1513 (9th Cir. 1995) ("[W]e have held that Rule 15, not Rule 41, governs the situation when a party dismisses some, but not all, of its claims.") (citations omitted).  Here, dismissal of Circle K's first, third, fourth, and fifth counterclaims would not dismiss all of Circle K's claims against all Remaining Dealers: Circle K's sixth counterclaim for declaratory relief would remain against Windy Cove, Staffing,

Mohammad Bahour, Hamid Kalhour, and HB Fuel. *See* Doc. No. 28 ¶¶ 109–15; Doc. No. 110 at 3; *see also* Doc. Nos. 72, 84. Thus, dismissal pursuant to Federal Rule 41(a) is improper as to Windy Cove, Staffing, Mohammad Bahour, Hamid Kalhour, and HB Fuel. *See Gen. Signal Corp.*, 66 F.3d at 1513 ("Rule 41 is reserved for circumstances in which the result of the alleged dismissal is that one or all of the defendants are released from the action."). Accordingly, the Court **DENIES** the parties' joint motion in its entirety without prejudice.

**IT IS SO ORDERED.**

Dated:  March 2, 2023

HON. MICHAEL M. ANELLO
United States District Judge