# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WINDY COVE, INC. et al.,<br><br>                          Plaintiffs,<br><br>v.<br><br>CIRCLE K STORES, INC.,<br><br>                          Defendant. | Case No. 21-cv-1416-MMA-DEB<br><br>**ORDER GRANTING MOTION TO FILE DOCUMENTS UNDER SEAL**<br><br>[Doc. No. 191] |

Pending before the Court is Defendant's motion for attorneys' fees. *See* Doc. No. 193. Defendant simultaneously filed a motion for leave to file an unredacted version of its motion and exhibits under seal. *See* Doc. No. 191. Defendant's motion is unopposed to date.

When presented with a request to file a document under seal, the Court begins with the strong presumption in favor of the "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 n.7 (1978); *see also Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). "Accordingly, 'a party seeking to seal a judicial

record then bears the burden of overcoming this strong presumption by meeting the compelling reasons standard.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *Kamakana*, 447 F.3d at 1178).  However, where the motion is not "more than tangentially related to the merits," the moving party need only show "good cause" to seal.  *Ctr. for Auto Safety*, 809 F.3d at 1097.

Having reviewed Defendant's motion and supporting declaration, the Court finds good cause to seal the requested documents.  Accordingly, the Court **GRANTS** Defendant's motion and **DIRECTS** the Clerk of Court to file Doc. No. 192 **UNDER SEAL**.

**IT IS SO ORDERED**.

Dated:  September 25, 2023

HON. MICHAEL M. ANELLO
United States District Judge