1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WINDY COVE, INC. et al.,<br><br>                              Plaintiffs,<br><br>v.<br><br>CIRCLE K STORES, INC.,<br><br>                              Defendant. | Case No. 21-cv-1416-MMA-DEB<br><br>**ORDER GRANTING IN PART MOTION FOR ATTORNEY'S FEES; AND**<br><br>[Doc. No. 193]<br><br>**GRANTING MOTION TO RE-TAX COSTS**<br><br>[Doc. No. 206] |

Pending before the Court is Defendant's motion for attorneys' fees and motion to re-tax costs.  *See* Doc. Nos. 193, 206.  Plaintiffs[1] oppose both motions.  *See* Doc. Nos. 207, 211.  The Court found these matters suitable for determination on the papers

---

[1] For the sake of convenience, the Court refers to Windy Cove, Inc., Staffing and Management Group, Inc. d/b/a Kazmo, LLC, HB Fuel, Inc., Mohammad Bahour, and Hamid Kahour collectively as "Plaintiffs."

and without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7.1.d.1.  For the reasons set forth below, the Court **GRANTS** Defendant's motion to retax costs and **GRANTS IN PART** Defendant's motion for attorney's fees.

## I. BACKGROUND

On August 6, 2021, Plaintiffs initiated this action against Defendant, which generally speaking, stems from the parties' fuel-supplying relationship.  *See* Doc. No. 1. On January 5, 2022, Plaintiffs filed their First Amended Complaint asserting claims for (1) breach of contract – breach of covenant of good faith and fair dealing; (2) declaratory relief; and (3) unfair business practices in violation of California Business and Professions Code § 17200, *et seq.*  Doc. No. 27 ("FAC").

On September 7, 2023, the Court granted Defendant's motion for summary judgment in its entirety and denied Plaintiffs' motion for partial summary judgment. Doc. No. 190.  Because this case involves confidential and proprietary information, the Court's Summary Judgment Order was filed under seal.  On September 21, 2023, Defendant filed its motion for attorney's fees.  Doc. No.193.  That same day, Defendant submitted to the Clerk of Court a Bill of Costs.  Doc. No. 194.  On September 26, 2023, the Court issued a redacted version of its Summary Judgment Order, *see* Doc. No. 198, and a Clerk's Judgment was issued that same day, *see* Doc. No. 199.  On October 4, 2023, Plaintiffs objected to the Bill of Costs.  Doc. No. 200.

The Clerk of Court taxed Defendant's costs at $0.00 because the Bill of Costs was filed before the entry of judgment.  Doc. No. 203.  Thereafter, Defendant filed a motion to re-tax costs pursuant to Civil Local Rule 54.1(h).  Doc. No. 206.

## II. MOTION TO RE-TAX COSTS

Federal Rule of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees— should be allowed to the prevailing party."  Fed. R. Civ. P. 54(d)(1).  This rule "creates a presumption in favor of awarding costs to a prevailing party, but vests in the district court discretion to refuse to award costs."  *Ass'n of Mexican-American Educ. v. State of Cal.*,

231 F.3d 572, 591 (9th Cir. 2000) (en banc).  To deny costs to the prevailing party, the district court must specify its reasoning.  *Id.*  This is "in essence, a requirement that the court explain why a case is not 'ordinary' and why, in the circumstances, it would be inappropriate or inequitable to award costs."  *Id.* at 593.  The Ninth Circuit has explained that some "[a]ppropriate reasons for denying costs include: (1) the substantial public importance of the case, (2) the closeness and difficulty of the issues in the case, (3) the chilling effect on future similar actions, (4) the plaintiff's limited financial resources, and (5) the economic disparity between the parties."  *Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1247–48 (9th Cir. 2014).  All of these circumstances need not be present for a district court to refuse to award costs.  *Draper v. Rosario*, 836 F.3d 1072, 1087 (9th Cir. 2016).

Here, Defendant is the prevailing party and is therefore presumptively entitled to recover costs.  Nevertheless, the Bill of Costs was denied in its entirety because, as noted above, Defendant filed its request after being awarded summary judgment but before entry of the Clerk's Judgment.  *See* Doc. No. 203.  "Under the well-established Rule 54(d)(1) case law, the district court is charged with making a de novo review of the clerk's determination of the costs issue."  *Asis Internet Servs. v. Optin Glob., Inc.*, No. C-05-5124 JCS, 2008 U.S. Dist. LEXIS 103932, at *8 (N.D. Cal. Dec. 17, 2008) (quoting *In re Paoli R.R. Yard PCB Litigation*, 221 F.3d 449, 461 (3d Cir. 2000) (itself citing10 Moore's Federal Practice, § 54.100[3], at 54-145)).

A de novo review of the Clerk's Office determination that Defendant was not entitled to costs reveals that Defendant is, in fact, entitled to recover costs.  Federal Rule of Civil Procedure 54(a) clearly states that "judgment" includes "a decree and any order from which an appeal lies."  Fed. R. Civ. P. 54(a).  The Court's September 7, 2023 Summary Judgment Order is a final, appealable order as defined by Rule 54.  In fact, at the time the Clerk's Office reviewed the Bill of Costs, an appeal had already been taken from the Order.  *See* Doc. No. 201.  The Civil Local Rules "must be construed so as to be consistent with [the Federal Rules] and to promote the just, efficient and economical

determination of every action and proceeding."  CivLR 1.1.c.  To the extent the Clerk's Office applied Civil Local Rule 54.1.a in this instance to require Defendant to wait until after the entry of judgment to file a Bill of Costs, *see* CivLR 54.1.a, such an application was inconsistent with the Federal Rules.  And it was neither efficient nor economical to deny a Bill of Costs in this unusual circumstance where the entry of judgment was delayed by nearly three weeks.

Before addressing Plaintiffs' objections, the Court notes that it finds the unchallenged costs taxable under the applicable law.  28 U.S.C. § 1920(1) (permitting fees of the clerk as taxable); *id.* § 1920(3) (permitting fees for witnesses as taxable); *see also* 28 U.S.C.S. § 1821(b) ("A witness shall be paid an attendance fee of $40 per day for each day's attendance.").

Turning to the briefing on Defendant's motion, Plaintiffs do not argue that Defendant is not entitled to recover costs.  Rather, Plaintiffs assert that Defendant should not be permitted to recover the costs associated with obtaining three deposition transcripts.  *See* Doc. No. 211.  According to Plaintiffs, because Defendant did not utilize these transcripts at summary judgment, they are not recoverable.  *Id.* at 3.

The three challenged deposition costs are: (1) Defendant's expert witness, Jacqueline Benyamini, $802.50; (2) Defendant's employee, Stephen Jennison, $1,192.70; and (3) Defendant's employee Marcello B. Ciminelli, $913.40.  As such, Plaintiffs object to the recovery of $2,908.60.

Title 28 of the United States Code, section 1920 provides that the Court may tax as costs, among other things, "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case."  28 U.S.C. § 1920(2).  Further, pursuant to the Civil Local Rules,

The cost of an original and one copy of any deposition (including videotaped depositions) necessarily obtained for use in the case is allowable. Depositions need not be introduced in evidence or used at trial to be taxable so long as at

the time it was taken it could reasonably be expected that the deposition would be used for trial preparation, rather than mere discovery.

CivLR 54.1.b.3.a.

As an initial matter, there appears to be no general rule, as Plaintiffs suggest, that transcripts may not be deemed "for use in a case" where the prevailing party did not offer them as evidence on summary judgment. District courts in this Circuit have both denied and awarded deposition transcript costs where the evidence was not offered at summary judgment or necessary to resolve the dispositive issues in the prevailing party's favor. *Compare Valencia v. City of Stockton*, No. 2:16-cv-2081-JAM-AC, 2018 U.S. Dist. LEXIS 117415, at *9 (E.D. Cal. July 13, 2018) (denying costs), *with Ely v. Bd. of Trs. of the Pace Indus. Union - Mgmt. Pension Fund*, No. 3:18-cv-00315-CWD, 2021 U.S. Dist. LEXIS 88138, at *8 (D. Idaho May 7, 2021) (allowing costs). Moreover, while depositions "merely useful for discovery" are not recoverable, *Indep. Iron Works, Inc. v. U.S. Steel Corp.*, 322 F.2d 656, 678 (9th Cir. 1963), "Ninth Circuit precedent is clear that a document need not be offered as evidence to have been necessarily obtained for use in the case." *Synopsys, Inc. v. Ricoh Co. (In re Ricoh Co. Patent Litig.)*, 661 F.3d 1361, 1369 (Fed. Cir. 2011) (first citing *Haagen-Dazs Co. v. Double Rainbow Gourmet Ice Creams, Inc.*, 920 F.2d 587, 588 (9th Cir. 1990); and then citing *Crockett v. Shields*, 8 F. App'x 604, 606 (9th Cir. 2001)).

Plaintiffs' citation to *Alflex Corp. v. Underwriters Labs., Inc.*, 914 F.2d 175, 177 (9th Cir. 1990), to argue otherwise is unpersuasive. The Ninth Circuit in *Aflex* merely held that *Independent Iron Works* is still good law, and that "obtaining copies of depositions taken by the opposing party may be considered necessary in certain instances." *Alflex Corp. v. Underwriters Labs., Inc.*, 914 F.2d 175, 177 (9th Cir. 1990). The case of *Independent Iron Works* does not, as Plaintiffs argue, supply "a test of whether a deposition was 'useful for discovery' or 'necessarily obtained for use in the case'" as "whether the deposition was used at trial or in a summary judgment motion." Doc. No. 211 at 4. In fact, the suggestion that there is any test, nonetheless that such a

test turns on actual use, is incorrect under Ninth Circuit law. *See, e.g.*, *Haagen-Dazs*, 920 F.2d at 588 (citing 28 U.S.C. § 1920(4) (section 1920(4) enables a court to award copying costs for any document "necessarily obtained for use in the case" and does not specifically require that the copied document be introduced into the record to be an allowable cost)).

Plaintiffs point out that Defendant's explanation for the necessity of these costs is merely to prepare for and potentially use at trial:

> It was reasonably necessary for Circle K to obtain copies of deposition transcripts for these expert and percipient witness depositions in order to review them prior to trial for use at trial if Plaintiffs were to use those depositions for impeachment. In such circumstances, it would be appropriate for Circle K's counsel to have copies of the deposition transcripts in order to object to any impeachment testimony before it would be read to the jury, and/or to ask the court for leave to read additional portions of the depositions under the rule of completeness.

Doc. No. 206-1 at 11.

But under *Independent Iron Works*, deposition costs may be recoverable where the deponents were employees of the prevailing party, and either were or might have been available as witnesses at trial. 322 F.2d at 678–79. In such a circumstance, the Ninth Circuit explained, "the possibility that the deposition would be used to impeach the party created a reasonable necessity for his purchase of a copy in order to hold the impeachment within proper limits." *Id.* at 679 (citing *Hancock v. Albee*, 11 F.R.D. 139 (D.Conn.1951)). *Independent Iron Works* does not stand for the rule that "depositions that simply are investigative or preparatory in character, rather than used for the presentation of the case, are not recoverable." Doc. No. 211 at 5. The case simply provides that depositions that are "merely useful for discovery" are not taxable and should be "borne by the party taking them as incidental to normal preparation for trial." *Independent Iron Works*, 322 F.2d at 679. Defendant has offered that these depositions, which were taken by Plaintiffs, were not merely useful for discovery but were reasonably

1  necessary for trial.  And Plaintiffs have not rebutted the presumption that these costs are

2  taxable; Plaintiffs fail to show that these depositions were purely investigative or

3  preparatory, or otherwise only served as a discovery tool with no anticipated usefulness at

4  trial.

5       Here, it appears to the Court that the three challenged deposition transcripts, along

6  with all of the deposition transcript costs Defendant seeks to recover,[2] were necessarily

7  obtained for use in this case, and reasonably expected to be used for trial preparation

8  rather than mere discovery, and therefore are encompassed by both 28 U.S.C. § 1920(2)

9  and Civil Local Rule 54.1.b.3.a.  On this record, Plaintiffs have not overcome the

10  presumption that these costs are taxable.  Accordingly, the Court **GRANTS** Defendant's

11  motion to re-tax costs.

12            **III. MOTION FOR ATTORNEY'S FEES**

13       Defendant also moves for an award of attorney's fees in the aggregate amount of

14  $1,103,799.55.  Doc. No. 193-1.

15  **A.   Legal Standard**

16       Absent a rule or statute that provides for an award of attorney fees, each party must

17  generally bear its own attorney fees.  *Sheet Metal Workers' Int'l Ass'n Local Union No.*

18  *359 v. Madison Indus.*, 84 F.3d 1186, 1192 (9th Cir. 1996).  When an award of attorney

19  fees is authorized, Federal Rule of Civil Procedure 54(d)(2) sets forth the requirements

20  for obtaining such an award.  The rule provides that a claim for attorney fees "must be

21  made by motion," and that the motion must, among other things, "specify the judgment

22  and the statute, rule, or other grounds entitling the movant to the award."  Fed. R. Civ. P.

23  54(d)(2)(A), (B)(ii).

24       In a diversity action such as this, courts look to state law to determine whether an

25  award of attorney fees is authorized.  *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d

26

27

28  [2] Defendant has voluntarily withdrawn the request to tax the costs of two other deposition transcripts.
*See* Doc. No. 206-1 at 11.

877, 883 (9th Cir. 2000) (first citing 6 James Wm. Moore et al., Moore's Federal Practice § 54.78[1] (3d ed. 2000), and then citing *Helfand v. Gerson,* 105 F.3d 530, 536 (9th Cir. 1997)).  California law provides:

> In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded . . . to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs.

Cal. Civ. Code § 1717(a) (emphasis added).

An action is "on a contract" if (1) the action "involves" an agreement, in that it "arises out of, is based upon, or relates to an agreement by seeking to define or interpret its terms or to determine or enforce a party's rights or duties under the agreement"; and (2) the agreement contains an attorney fee provision.  *Eden Twp. Healthcare Dist. v. Eden Med. Ctr.*, 162 Cal. Rptr. 3d 932, 939 (Cal. Ct. App. 2013).

The prevailing party is generally determined by the court as "the party who recovered a greater relief in the action on the contract."  Cal. Civ. Code § 1717(b).

## B.   Procedural History

On July 12, 2021, Plaintiffs initiated this action in the Superior Court, San Diego County.  *See* Doc. No. 1-2.  On January 6, 2021, Defendant filed a Notice of Removal based upon this Court's diversity jurisdiction.  *See* Doc. No. 1.  Thereafter, Plaintiffs filed a First Amended Complaint, asserting claims for: (1) Breach of Contract – Breach of Covenant of Good Faith and Fair Dealing; (2) Declaratory Relief; and (3) Unfair Business Practices in violation of California Business and Professions Code § 17200 *et seq.*  Doc. No. 27 ("FAC").  Defendant filed an answer and countercomplaint/third-party complaint seeking declaratory relief.  *See* Doc. No. 28.  Generally speaking, the parties' claims arose from their dispute over whether Defendant's gasoline prices were permissible under their fuel-supply agreements.

In March 2023, the parties filed cross-motions for summary judgment as well as *Daubert* motions.  *See* Doc. Nos. 120, 125, 126, 127, 128.  On September 7, 2023, the Court issued the Summary Judgment Order, granting Defendant's motion for summary judgment in its entirety and denying Plaintiffs' motion for partial summary judgment. *See* Doc. 190.  As to Plaintiffs' claims, the Court found that Plaintiffs did not raise a triable dispute to overcome the presumption that Defendant set its prices in good faith. Doc. No. 190 at 27.  For this reason, the Court granted summary judgment for Defendant on all of Plaintiff's claims.  *Id.* at 27–29.  The Court also found that Defendant was entitled to judgment on its counterclaim for declaratory relief.  *Id.* at 30.

**C.    Discussion**

Plaintiffs do not dispute that Defendant is entitled to attorney's fees under California law.  Indeed, this action plainly arose out of and was based upon the parties' fuel servicing agreement, and both parties sought to determine and/or enforce their rights under the agreement.  Further, the agreement includes an attorney's fees provision:

> To the fullest extent permitted by law, the prevailing party shall be entitled to all attorneys' fees, costs of suit and reasonable expenses incurred in order to secure, defend or protect the rights inuring to the prevailing party under this Contract, or to enforce the term thereof, in addition to any other relief to which the prevailing party may be entitled.

Doc. No. 193-3 ¶ 38(b).

Plaintiffs also seemingly concede that Defendant is the prevailing party.  In opposition, Plaintiffs ask the Court to stay its determination of Defendant's motion pending appeal, or alternatively, to reduce the fee award.

*1.    Stay Pending Appeal*

Plaintiffs have appealed from the Summary Judgment Order.  *See* Doc. No. 201. In support of their request for a stay of Defendant's fees motion pending appeal, Plaintiffs cite to a plethora of district court cases that have stayed the matter of attorney's fees until after resolution of an appeal.  *See* Doc. No. 207 at 8–9 (collecting cases).

Plaintiffs implore the Court to conserve judicial resources and exercise its discretion to stay this matter. *Id.* at 9. But Plaintiffs fail to acknowledge or apply the applicable legal standard the Court is to employ when deciding whether to grant such a stay pending appeal.

"If an appeal on the merits of a case is taken, courts have discretion to defer the determination of fees while an appeal is pending." *Pers. Web Techs., LLC v. EMC Corp.*, No. 5:13-cv-01358-EJD, 2020 U.S. Dist. LEXIS 57441, at *4–5 (N.D. Cal. Apr. 1, 2020) (citing Fed. R. Civ. P. 54(d) advisory committee's notes to 1993 amendment). However, "the weight of authority is that the usual course is for the Court to consider attorneys' fees promptly after the merits decision rather than stay a motion for attorneys' fees until resolution of the appeal." *Sports Dimension v. Coleman Co., Inc.*, 2015 U.S. Dist. LEXIS 176119, 2015 WL 10013784, at *3 n.1 (C.D. Cal. June 4, 2015) (quotation marks and citation omitted). Courts consider four factors to determine whether to stay awarding attorneys' fees and costs pending appeal: (1) "whether the stay applicant has made a strong showing that he is likely to succeed on the merits"; (2) "whether the applicant will be irreparably injured absent a stay"; (3) "whether issuance of the stay will substantially injure the other parties interested in the proceeding"; and (4) "where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987); *see also Tracy Anderson Mind & Body, LLC v. Roup*, No. 2:22-cv-04735 PSG (Ex), 2023 U.S. Dist. LEXIS 189055, at *18 (C.D. Cal. Sep. 11, 2023); *M.A. Mobile, Ltd. v. Indian Inst. of Tech. Kharagpur*, No. CV 08-02658 WHO, 2019 U.S. Dist. LEXIS 209226, 2019 WL 6525752, at *2 (N.D. Cal. Dec. 4, 2019).

Plaintiffs have made no attempt to argue that any of these factors have been met. They do not claim that they will suffer irreparable harm absent a stay or that they are likely to succeed upon an appeal. Without explaining how a stay is warranted or appropriate under the relevant legal standard, the Court cannot grant Plaintiffs' stay request. *See Tracy Anderson Mind & Body, LLC*, 2023 U.S. Dist. LEXIS 189055, at *19. Consequently, the Court turns to the reasonableness of the fees Defendant seeks.

2.    *Reasonableness of Fees*

"[T]he fee setting inquiry in California ordinarily begins with the "lodestar," i.e., the number of hours reasonably expended multiplied by the reasonable hourly rate. *PLCM Grp., Inc. v. Drexler*, 95 Cal. Rptr. 2d 198, 206 (2000).  A reasonable hourly rate is typically based upon the prevailing market rate in the community for "similar work performed by attorneys of comparable skill, experience, and reputation." *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1211 (9th Cir. 1986) (citing *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)).  Further, "[t]he fee applicant bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked." *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433, 437 (1983)).  A district court "should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case." *Chaudhry*, 751 F.3d at 1111 (citing *Moreno*, 534 F.3d at 1112).  However, the Court "should exclude from [the] initial fee calculation hours that were not 'reasonably expended.'" *Hensley*, 461 U.S. at 434.  Hours are not "reasonably expended" if they are "excessive, redundant, or otherwise unnecessary." *Id*.

Plaintiffs do not challenge counsel's hourly rates.  Doc. No. 207 at 5.  Here, the hourly rates range from $138 to $468 for a variety of professionals including paralegals, analysts, associates, and shareholder attorneys.  Doc. No. 197-1 ("Covington Decl.") ¶¶ 27–34.  Courts in this district have approved similar hourly rates.  *See, e.g.*, *Martinez v. Costco Wholesale Corp.*, No. 19-CV-1195-WVG, 2023 U.S. Dist. LEXIS 31520, at *34–35 (S.D. Cal. Feb. 23, 2023) (collecting cases).  In addition to the declarations of counsel, the Court relies on its own knowledge and experience of customary rates concerning reasonable and proper fees, *see Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011), and considers the relevant *Kerr* factors.  *See Davis v. City of San Francisco*, 976 F.2d 1536, 1546 (9th Cir. 1992) (finding that district courts may consider the *Kerr* factors in determining an appropriate market rate).  Based upon the record, and the Court's experience, the Court finds that counsel's rates are reasonable.

Turning to the hours, Defendant seeks to recover attorney's fees for 3,277.9 hours of work.[3]  In support of this request, Defendant did not publicly file counsel's billing records, but rather filed a motion to seal, among other things, "[t]he entirety of the invoices."  Doc. No. 191 at 3.  The Court granted Defendant's motion, and Defendant filed its motion for attorney's fees and evidence in support thereof under seal.  *See* Doc. No. 197.  However, even the billing records submitted under seal are heavily redacted.  Doc. No. 197-8 ("Def. Ex. G").

When a party has submitted inadequate records, this Court is "neither obligated to explain what type of records should be submitted, nor to request additional information.  The burden of presenting the appropriate fee documentation rests squarely on the shoulders of the attorneys seeking the award."  *In re Wash. Pub. Power Supply Sys. Secs. Litig.*, 19 F.3d 1291, 1306 (9th Cir. 1994).  "Where the documentation of hours is inadequate, the district court may reduce the award accordingly."  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

Here, the Court finds that the billing entries containing redactions are insufficient to support the request to be compensated for those hours.  Even assuming Defendant was entitled to redact certain information from its billing records so as to protect this information from public disclosure, Defendant does not provide a sufficient explanation as to why the sealed version of these records should nonetheless contain redactions, i.e., why the Court cannot view the redacted information.  Having parsed through the records in painstaking detail, the Court finds it is unable to assess the reasonableness of this work without the missing information.

---

[3] Defendant proffers in its motion and summary of hours and fees, *see* Doc. No. 197-9, that counsel spent 3,278.8 hours on this case during the relevant July 2021–April 2023 time period.  However, this appears to be a typographical and a mathematical error.  First, the billing records reflect 3,278.7 hours.  *Compare* Def. Ex. H (noting 125.5 in March 2022) *with* Doc. No. 197-8 at 36 (reflecting 125.4 hours in March 2022).  Moreover, while a May 26, 2022 entry for 0.8 hours is included in the total, Defendant did not include, and does not seek, fees for this work.  Accordingly, the Court finds that the total hours Defendant has submitted billing records for, and that counsel seeks to recoup, is 3,277.9.

For example, some redactions render the entries incapable of analysis:

| WINDY COVE, ET AL/SAN DIEGO DEALERS | 9/30/2021 | COVINGTON, MATTHEW | REVIEW REVISE EXECUTIVE SUMMARY ██ ██ AND THEN DISCUSSION WITH ██ ██ RE SAME AND RE BUDGET. FURTHER CALL WITH ██ | 2.40 | 425.00 | 1,020.00 | 3/7 | 437.14 |

Def. Ex. G at 6.

Other entries are for drafting of memoranda, but include no discernable substance as to what motions the memoranda were in support of:

| WINDY COVE, ET AL/SAN DIEGO DEALERS | 1/7/2022 | COVINGTON, MATTHEW | BEGIN TO OUTLINE KEY PARTS OF ██ MOTION WITH FOCUS ON GOOD FAITH AND FAIR DEALING CLAIM. | 0.90 | 425.00 | 382.50 | | 382.50 |

Def. Ex. G at 19.

In some instances, the entire description of the entry is redacted:

| WINDY COVE, ET AL/SAN DIEGO DEALERS | 6/9/2022 | COVINGTON, MATTHEW | ██████████ ██████████ ██████ | 1.20 | 425.00 | 510.00 | | 510.00 |

Def. Ex. G at 60.

Further, while some redacted entries can be partially understood despite the omitted information, the Court is unable to determine what portion of these entries are attributable to the information sufficiently provided.  For example,

| WINDY COVE, ET AL/SAN DIEGO DEALERS | 11/1/2021 | COVINGTON, MATTHEW | READ HELPFUL CASELAW RE UCC 2-305 SAFE HARBOR FOR USE IN SUMMARY JUDGMENT. ██ ██ | 1.90 | 425.00 | 807.50 | 1/2 | 403.75 |

*Id.* at 7.

Defendant is correct that there is no per se rule against block billing.  But where, as here, the "block billing prevents the court from discerning which tasks are compensable and which are not, courts retain discretion to penalize block billing." *DePuy Synthes Sales, Inc. v. Stryker Corp.*, No. EDCV181557FMOKKX, 2023 WL 6786772, at *10 (C.D. Cal. Aug. 17, 2023), *report and recommendation adopted*, 2023 WL 6932584

(C.D. Cal. Sept. 6, 2023) (citing *Heritage Pacific Fin., LLC v. Monroy*, 215 Cal. App. 4th 972, 1010–1011, 156 Cal.Rptr.3d 26 (Cal. Ct. App. 2013)).

This issue goes hand-in-hand with Plaintiffs' contention that Defendant improperly seeks to recover fees incurred for work involving since-dismissed parties. Omitted from the procedural background section above is a detailed explanation of how the parties in this case have changed significantly over time.

This case was initiated in state court by Windy Cove, Inc., AAA Able, Inc. d/b/a University City Mobil and South Bay, S&G Zavaro, Inc. d/b/a Miramar Mobil, Newkirk's Santa Fe Service, Inc., Diamond Bar Petroleum, Inc. d/b/a Diamond Bar Mobil, S & Z Petroleum, Inc. d/b/a Haven Mobil, Oceanside Akam Oil, Inc., and Staffing and Management Group, Inc. d/b/a Kazmo, LLC. Doc. No. 1-2 at 3–4. Thereafter, Diamond Bar Petroleum, Inc. and S & Z Petroleum, Inc. voluntarily dismissed their claims. Doc. No. 4. In Defendant's initial Answer and Countercomplaint/Third Party Complaint, Defendant asserted six counterclaims and named as counterclaim and third party defendants: Windy Cove, Inc., AAA Able, Inc. d/b/a University City Mobil and South Bay; S & G Zavaro, Inc. d/b/a Miramar Mobil, S & G Zavaro, LLC, Newkirk's Santa Fe Service, Inc., 1809 Partners LLC, Oceanside Akam Oil, Inc., Mike's Liquor Property, LLC, Staffing & Management Group, Inc., d/b/a Kazmo, LLC, and Kazmo, LLC. Doc. No. 6.

By way of the First Amended Complaint, the following plaintiffs brought claims against Defendant: Windy Cove, Inc., AAA Able, Inc. d/b/a University City Mobil and South Bay; S & G Zavaro, Inc. d/b/a Miramar Mobil, Newkirk's Santa Fe Service, Inc., Oceanside Akam Oil, Inc., Staffing & Management Group, Inc., d/b/a Kazmo, LLC, and HB Fuel, Inc. *See* FAC. Defendant then filed an Amended Countercomplaint/Third Party Complaint, asserting the same six counterclaims, against Windy Cove, Inc., AAA Able, Inc. d/b/a University City Mobil and South Bay; S & G Zavaro, Inc. d/b/a Miramar Mobil, S & G Zavaro, LLC, Newkirk's Santa Fe Service, Inc., 1809 Partners LLC, Oceanside Akam Oil, Inc., Mike's Liquor Property, LLC, Staffing & Management

Group, Inc., d/b/a Kazmo, LLC, Kazmo, LLC, HB Fuel, Inc., and Sun Rise Property, LLC.  Doc. No. 28.

Since then, the following parties have been dismissed from the action by joint motion: S & G Zavaro, Inc., AAA Able, Inc., S & G Zavaro, LLC, Newkirk's Santa Fe Service, Inc., Oceanside Akam Oil, Inc., 1809 Partners LLC, and Mike's Liquor Property, LLC.  Doc. Nos. 67, 72, 83, 84.  After the Court denied the parties' joint motion seeking piecemeal dismissal of Defendant's counterclaims, *see* Doc. Nos. 110, 112, Defendant filed a Second Amended Countercomplaint against Windy Cove, Inc., Staffing and Management Group, Inc. d/b/a Kazmo, LLC, HB Fuel, Inc., Mohammad Bahour, and Hamid Kahour asserting only one counterclaim for declaratory relief.  Doc. No. 116.  The Court therefore refers to Diamond Bar Petroleum, Inc., S & Z Petroleum, Inc., S & G Zavaro, Inc., AAA Able, Inc., S & G Zavaro, LLC, Newkirk's Santa Fe Service, Inc., Oceanside Akam Oil, Inc. 1809 Partners LLC, Mike's Liquor Property, LLC, Kazmo, LLC, and Sun Rise Property, LLC as the "Dismissed Plaintiffs."

Defendant concedes that the dismissal orders provided that each party shall bear its own costs and fees, and therefore that it should not be permitted to recover from Plaintiffs fees attributable to the Dismissed Plaintiffs.  Defendant contends it has voluntarily excluded work attributable to the Dismissed Plaintiffs.  But the Court is unable to assess the accuracy of Defendant's position because some of the redactions omit party and/or counsel information.  For example, one entry reads:

| WINDY COVE, ET AL/SAN DIEGO DEALERS | 12/2/2021 | COVINGTON, MATTHEW | CALL WITH OPPOSING COUNSEL FOR ▮▮▮▮ AND EMAIL. EMAIL WITH CLIENTS RE SAME. | 0.60 | 425.00 | 255.00 | 255.00 |

Def. Ex. G at 15.

Due to the nature of these redactions, the Court cannot determine whether the missing party's name is a Dismissed Plaintiff, one of the Plaintiffs, or some other, non-party.  The Court cannot accept at face value that because Defendant has removed certain entries attributable to the Dismissed Plaintiffs, the redacted information does not pertain

to them.  This is because, as Defendant concedes, *see* Doc. No. 209 at 11 fn.2, several entries for work performed specifically in connection with the Dismissed Plaintiffs were, perhaps inadvertently, retained:

| WINDY COVE, ET AL/SAN DIEGO DEALERS | 8/12/2021 | PLEAU-FULLER, ALISSA R. | EMAIL CORRESPONDENCE WITH ███████ REGARDING DISMISSALS OF TWO PLAINTIFFS AND DISCUSSION ABOUT STRATEGY CALL | 0.10 | 300.00 | 30.00 | 1/6 | 5.00 |

Def. Ex. G at 3.

In this same vein, some of the redactions prevent the Court from understanding on what claims the work was done.  In light of the fact that Defendant ultimately amended its Counterclaim thereby voluntarily dismissing five of its counterclaims, the Court is unable to discern whether this time is recoverable.

Moreover, some of the discovery-related entries contain redactions of information necessary to the Court's reasonableness analysis:

| WINDY COVE, ET AL/SAN DIEGO DEALERS | 11/16/2021 | FRAIDENBURGH, PAUL | RESEARCH AND ANALYZE AUTHORITIES RE PRODUCTION OF ███████ IN DISCOVERY | 0.50 | 425.00 | 212.50 | | 212.50 |

Def. Ex. G at 9.

All of the redacted entries include these same deficiencies, or are otherwise deficient for similar reasons.  Courts have reduced or denied fee awards where counsel's redacted billing records are incapable of analysis or otherwise insufficient to demonstrate the reasonableness of the work performed.  *See, e.g.*, *RQ Constr., Inc. v. Ecolite Concrete U.S.A., Inc.*, No. 09cv2728-CAB (WVG), 2012 U.S. Dist. LEXIS 173976, at *9 (S.D. Cal. Dec. 7, 2012); *Kobos v. Schwan's Home Serv.*, No. CV-F-09-856 LJO SKO, 2010 U.S. Dist. LEXIS 110397, at *15 (E.D. Cal. Oct. 4, 2010).  Accordingly, because the Court finds that Defendant's redactions prevent the Court from determining the reasonableness of the work or the appropriateness of Defendant's request to recover fees for that work from Plaintiffs, the Court finds that Defendant is not entitled to these fees.  Namely, the Court finds that 817.2 hours are not supported on this record, as set forth

more fully in the chart appended to the end of this Order.  Consequently, the Court initially reduces the total award Defendant requests by $277,596.04 for failure to support these fees with sufficient records.[4]

Next, Plaintiffs argue that Defendant improperly seeks to recover fees for work associated with the Dismissed Plaintiffs.  *See* Doc. No. 207 at 10.  As noted above, Defendant concedes that the award should be reduced on this basis, *see* Doc. No. 209 at 11 fn.2, and the Court agrees.  The entries Plaintiffs identify reflect time spent in relation to the Dismissed Plaintiffs, and Defendant agreed to bear its own costs and fees related to these parties.  Accordingly, the Court further reduces the award Defendant seeks by $3,716.40.[5]

To that end, Plaintiffs also ask the Court to further apportion the fees Defendant seeks based upon the significant changes to Defendant's counterclaims and the parties to this action.  *See* Doc. No. 207 at 8–14.  Defendant responds that it has already apportioned certain entries, and an across-the-board allocation is not appropriate because the time assigned to Plaintiffs here is not disproportionate.  *See* Doc. No. 209 at 8–9.

As discussed above, the number and identity of the parties have changed drastically throughout the life of this case.  Indeed, it appears that both the Court and the parties have been confused at times as to who remained a party to this action.  For the sake of clarity, the chart on the following page represents the Court's understanding of the changes to the parties based upon the docket and filings.

---

[4] Plaintiffs suggest that 19 entries are improperly redacted and seek a reduction on this basis of only $14,950.77.  *See* Doc. No. 207 at 17.  Regardless of Plaintiffs' challenges, it is ultimately the Court's duty to assess the reasonableness of the work performed.  Even assuming the parties can decipher the entries that Plaintiffs do not challenge, the Court cannot.  Therefore, on this record, Defendant cannot recover these fees.

[5] Excluding the April 29, 2022 entry Plaintiffs identify, which the Court finds cannot be recovered due to redactions, the Court nonetheless agrees that the total fees improperly sought for this reason is $3,716.40: (0.2 x $138) + (7.5 x $425) + (0.2 x $300) + (0.1 x $138) + (0.3 x $425) + (1.0 x $300).

| Date | Event | Party Configuration |
|------|-------|---------------------|
| 08/06/2021 | Notice of Removal of Complaint | 8 plaintiffs v. 1 defendant |
| 08/12/2021 | Dismissal by 2 plaintiffs | 6 plaintiffs v. 1 defendant |
| 8/17/2021 | Countercomplaint/TP Complaint | 1 CC plaintiff v. 10 CC/TP defendants |
| 01/05/2022 | First Amended Complaint | 7 plaintiffs v. 1 defendant |
| 01/31/2022 | Amended Countercomplaint | 1 CC plaintiff v. 14 CC/TP defendants |
| 09/08/2022 | Dismissal of 3 parties | 5 plaintiffs v. 1 defendant<br>1 CC plaintiff v. 11 CC/TP defendants |
| 10/6/2022 | Dismissal of 4 parties | 3 plaintiffs v. 1 defendant<br>1 CC plaintiff v. 7 CC/TP defendants |
| 03/17/2023 | Amended Countercomplaint | 1 CC plaintiff v. 5 CC/TP defendants |

As illustrated above, this case at one point involved fourteen counterclaim/third party defendants. With respect to the complaints, the number of plaintiffs has varied from as few as three to as many as eight. And Defendant has pressed counterclaims and third party claims against as few as five and as many as fourteen parties. Ultimately, as noted, the case boiled down to three plaintiffs (Windy Cove, Staffing and Management Group, and HB Fuel) versus one defendant (Circle K), and one counterclaim plaintiff (Circle K) versus five counterclaim/third party defendants (Windy Cove, Staffing and Management Group, HB Fuel, Mohammad Bahour, and Hamid Kalhor).

Assigning time to five parties when Defendant pressed its claims against more than double that number for nearly half of this case is disproportionate. However, much, if not all, of the work here was necessary regardless of the number of parties to the action. And the discounts Defendant has already voluntarily applied are not negligible. Indeed, a review of counsel's billing records reflects that many of the unredacted entries are discounted by some amount, ranging from one-half to one-sixth. In light of this, as well as the significant reduction for the redactions, the Court finds that a further discount or apportionment is not warranted on this record.

1    Plaintiffs also draw the Court attention to counsel's work on motions in limine.

2  According to Plaintiffs, Defendant should not be entitled to recover for this work because

3  it was unnecessary and not reasonably extended.  *See* Doc. No. 207 at 17.  In reply,

4  Defendant contends that this work was reasonably necessary because it "understood that

5  the Court would set a trial date after those [dispositive] motions were decided, possibly

6  shortly thereafter."  Doc. No. 209 at 14.  According to Defendant, it "was not required to

7  wait to do this work until after the summary judgment motions were filed or decided."

8  *Id.*

9    The Court agrees with Defendant's general position that in litigation, some work

10  almost always turns out, in retrospect, to have been unnecessary.  *See id.*  But with

11  respect to motions in limine, it appears that counsel's work was not reasonably necessary

12  at the time, especially in the greater context of this case.

13    Judge Butcher issued the first Rule 16 Scheduling Order in October 2021.  Doc.

14  No. 23.  Throughout the course of this case, his scheduling orders were amended, and the

15  deadlines extended, five times.  *See* Doc. Nos. 59, 66, 78, 100, 109.  At least four of these

16  extensions were based upon the parties' joint request.  Doc. Nos. 55, 65, 77, 108.

17  Relevant here, in August 2022, the operative scheduling order provided a January 27,

18  2022 dispositive motions deadline.  Doc. No. 66.  Judge Butcher extended that deadline

19  to February 24, 2023 in November 2022.  Doc. No. 100.  According to the last of Judge

20  Butcher's amended scheduling orders, issued in February 2023, the deadline for filing

21  dispositive motions was March 27, 2023.  *See* Doc. No. 109.

22    As Judge Butcher explained in his initial scheduling order, dispositive pretrial

23  motions include motions for summary judgment and motions addressing *Daubert* issues;

24  pursuant to the undersigned's Civil Chambers Rules, the deadline is not applicable to

25  motions in limine.  *See* Doc. No. 23 at 3 fn.1; *see also* Civ. Chambers R. IX.  The Court

26  does not hear motions in limine until the final pretrial conference, and these motions are

27  not due until 28 days in advance of that hearing.  Civ. Chambers R. IX.  One purpose of

28  this chambers rule is so that parties do not expend unnecessary time and resources on

pretrial motions before the matter is deemed triable.  It also appears to the Court that motions in limine are not appropriate unless and until an opposing party seeks to admit, or demonstrates an intention to offer, the disputed evidence into the record.

Here, the billing records reflect counsel was working on motions in limine between September 2022 and December 2022.  During this time, there was no trial scheduling order, and thus, no impending deadline to file motions in limine, and the dispositive motions deadline was still some 3–4 months away.  The Court appreciates counsel's diligence and proactive approach to this litigation.  But it was not reasonably necessary to draft motions in limine in September–December 2022.  Even assuming the Court set the case for trial expeditiously, in light of the complexity of this case and the record, including the summary judgment record, trial was reasonably at least a year away.  Moreover, a motion in limine is a procedural mechanism to test the admissibility of testimony and evidence.  In the Fall of 2022, there was no reasonably anticipated scope of the triable issues, if any, nor did Defendant know what evidence Plaintiffs sought to introduce at trial.  For these reasons, the Court finds this time was not reasonably expended and therefore further reduces counsel's award by $2,955.00.[6]

Having reviewed the remainder of Plaintiffs' arguments, the Court finds that additional reductions on this record are not warranted.  The Court will not further penalize counsel's block billing where the entries reflect the entirety of the work was reasonably necessary and recoverable.

Finally, Defendant asks the Court to award counsel $24,650 for preparing this motion for attorney's fees.  *See* Doc. No. 197 at 23.  According to counsel, various persons within the firm spent "at least" 75 hours drafting the motion and supporting declaration and documentation, redacting privileged information, and allocating the fees.

---

[6] The Court agrees with Plaintiffs' list of entries, *see* Doc. No. 207-6, but excludes the entries containing redactions: (1.2 x $300) + (1.2 x $300) + (1.8 x $425) + (1.2 x $300) + (1.6 x $300) + (2.1 x $300) = $2,955.00.

Covington Decl. ¶ 36.  This amount of time appears facially unreasonable; it does not seem reasonably necessary for three experienced attorneys to each expend between 10–25 hours drafting one motion for attorney's fees and reviewing billing records.  The Court is also dubious of the asserted necessity to redact information from the records that were nonetheless filed under seal.  In any event, these hours are not supported by records or other sufficient evidence from which the Court can deem these hours reasonable.  The billing records end in April 2023, and none of the entries relate to attorney's fees.  Moreover, only Mr. Covington has submitted a declaration in support of the motion.  Accordingly, the Court declines to award counsel the full amount of fees sought for its work in preparing the motion.  Rather, on this record, the Court finds that counsel reasonably expended 25 hours, for a total award of $11,700;[7] the Court reduces Defendant's request for fees incurred in preparing this motion by $12,950.

In sum, the Court finds that Defendant has produced records and evidence sufficiently demonstrating the reasonableness of 2,442.3 hours.  At the varying rates, this equates to $806,582.11 in attorney's fees.[8]

#### IV. CONCLUSION

Based upon the foregoing, the Court **GRANTS** Defendant's motion to re-tax costs. Defendant is entitled to taxable costs as follows:

| | |
|---|---:|
| Fees of the Clerk | $402.00 |
| Fees for printed or electronically recorded transcripts | $24,607.00 |
| Fees for witnesses | $120.00 |
| **TOTAL COSTS TAXED** in favor of Defendant | **$25,129.00** |

---

[7] Mr. Covington submits he spent 25 hours at his hourly rate of $468.  *See* Covington Decl. ¶ 36.
[8] Defendant seeks $1,103,799.55 in attorney's fees in connection with counsel's work on this case. Reducing the award for the redacted entries ($277,596.04), the entries related to the Dismissed Plaintiffs ($3,716.40), the motions in limine entries ($2,955.00), and the unsupported time spent preparing the motion for fees ($12,950.00), Defendant is entitled to a total award of $806,582.11.

The Court further **GRANTS IN PART** Defendant's motion for attorney's fees and **AWARDS** Defendant attorney's fees in the amount of **$806,582.11**.

   **IT IS SO ORDERED**.

Dated:  February 1, 2024

*[signature]*

HON. MICHAEL M. ANELLO
United States District Judge

# ATTACHMENT 1 – CHART OF ENTRIES WITH REDACTIONS

| Name | Hours | Rate | Amount |
|---|---|---|---|
| Covington | 1.9 | $ 425.00 | $ 807.50 |
| Pleau-Fuller | 0.7 | $ 300.00 | $ 210.00 |
| Pleau-Fuller | 0.1 | $ 300.00 | $ 30.00 |
| Pleau-Fuller | 0.1 | $ 300.00 | $ 30.00 |
| Pleau-Fuller | 0.1 | $ 300.00 | $ 5.00 |
| Covington | 0.8 | $ 425.00 | $ 340.00 |
| Covington | 2.3 | $ 425.00 | $ 977.50 |
| Pleau-Fuller | 0.5 | $ 300.00 | $ 150.00 |
| Covington | 0.7 | $ 425.00 | $ 297.50 |
| Covington | 1.5 | $ 425.00 | $ 637.50 |
| Covington | 2.4 | $ 425.00 | $ 437.14 |
| Covington | 1.9 | $ 425.00 | $ 807.50 |
| Covington | 2.3 | $ 425.00 | $ 977.50 |
| Pleau-Fuller | 0.5 | $ 300.00 | $ 150.00 |
| Covington | 1.9 | $ 425.00 | $ 807.50 |
| Covington | 1.2 | $ 425.00 | $ 218.57 |
| Pleau-Fuller | 0.5 | $ 300.00 | $ 150.00 |
| Pleau-Fuller | 1.4 | $ 300.00 | $ 180.00 |
| Covington | 3.2 | $ 425.00 | $ 1,360.00 |
| Covington | 1.6 | $ 425.00 | $ 291.43 |
| Covington | 1.9 | $ 425.00 | $ 807.50 |
| Pleau-Fuller | 1 | $ 300.00 | $ 300.00 |
| Pleau-Fuller | 1.3 | $ 300.00 | $ 390.00 |
| Covington | 2.1 | $ 425.00 | $ 892.50 |
| Covington | 0.5 | $ 425.00 | $ 212.50 |
| Covington | 1.3 | $ 425.00 | $ 236.79 |
| Covington | 1.9 | $ 425.00 | $ 807.50 |
| Covington | 2.9 | $ 425.00 | $ 1,232.50 |
| Covington | 2.8 | $ 425.00 | $ 510.00 |
| Covington | 1.1 | $ 425.00 | $ 200.36 |
| Covington | 5.9 | $ 425.00 | $ 1,074.64 |
| Pleau-Fuller | 0.6 | $ 300.00 | $ 180.00 |
| Pleau-Fuller | 0.3 | $ 300.00 | $ 38.57 |
| Pleau-Fuller | 0.2 | $ 300.00 | $ 60.00 |
| Covington | 0.7 | $ 425.00 | $ 127.50 |
| Covington | 1.9 | $ 425.00 | $ 403.75 |
| Covington | 1.3 | $ 425.00 | $ 552.50 |
| Covington | 0.8 | $ 425.00 | $ 145.71 |
| Fraidenburgh | 0.4 | $ 425.00 | $ 170.00 |
| Pleau-Fuller | 0.3 | $ 300.00 | $ 90.00 |

| | | | |
|---|---|---|---|
| Covington | 1.1 | $ 425.00 | $ 200.36 |
| Covington | 2.9 | $ 425.00 | $ 1,232.50 |
| Pleau-Fuller | 0.8 | $ 300.00 | $ 240.00 |
| Covington | 0.5 | $ 425.00 | $ 91.07 |
| Covington | 2.3 | $ 425.00 | $ 418.93 |
| Pleau-Fuller | 1 | $ 300.00 | $ 300.00 |
| Pleau-Fuller | 0.1 | $ 300.00 | $ 30.00 |
| Covington | 1.9 | $ 425.00 | $ 346.07 |
| Covington | 1.4 | $ 425.00 | $ 595.00 |
| Pleau-Fuller | 0.9 | $ 300.00 | $ 270.00 |
| Pleau-Fuller | 0.3 | $ 300.00 | $ 38.57 |
| Pleau-Fuller | 2.5 | $ 300.00 | $ 750.00 |
| Covington | 3.4 | $ 425.00 | $ 619.29 |
| Fraidenburgh | 3.4 | $ 425.00 | $ 1,445.00 |
| Fraidenburgh | 0.5 | $ 425.00 | $ 212.50 |
| Pleau-Fuller | 0.5 | $ 300.00 | $ 150.00 |
| Covington | 1.9 | $ 425.00 | $ 807.50 |
| Covington | 1.4 | $ 425.00 | $ 595.00 |
| Fraidenburgh | 2.1 | $ 425.00 | $ 892.50 |
| Pleau-Fuller | 1.9 | $ 300.00 | $ 244.29 |
| Roam | 3.3 | $ 300.00 | $ 990.00 |
| Covington | 2 | $ 425.00 | $ 850.00 |
| Fraidenburgh | 0.8 | $ 425.00 | $ 340.00 |
| Roam | 3 | $ 300.00 | $ 450.00 |
| Fraidenburgh | 2.3 | $ 425.00 | $ 977.50 |
| Pleau-Fuller | 0.4 | $ 300.00 | $ 51.43 |
| Roam | 0.3 | $ 300.00 | $ 90.00 |
| Covington | 0.9 | $ 425.00 | $ 382.50 |
| Covington | 1.8 | $ 425.00 | $ 765.00 |
| Fraidenburgh | 2.2 | $ 425.00 | $ 935.00 |
| Covington | 0.5 | $ 425.00 | $ 212.50 |
| Pleau-Fuller | 0.2 | $ 300.00 | $ 60.00 |
| Covington | 0.6 | $ 425.00 | $ 255.00 |
| Pleau-Fuller | 0.1 | $ 300.00 | $ 12.86 |
| Pleau-Fuller | 0.4 | $ 300.00 | $ 120.00 |
| Covington | 1.4 | $ 425.00 | $ 595.00 |
| Covington | 0.2 | $ 425.00 | $ 85.00 |
| Covington | 1.6 | $ 425.00 | $ 680.00 |
| Covington | 1.2 | $ 425.00 | $ 510.00 |
| Covington | 1.7 | $ 425.00 | $ 722.50 |
| Pleau-Fuller | 0.3 | $ 300.00 | $ 90.00 |

| | | | |
|---|---|---|---|
| Pleau-Fuller | 0.2 | $ 300.00 | $ 60.00 |
| Covington | 2 | $ 425.00 | $ 850.00 |
| Covington | 1.9 | $ 425.00 | $ 346.07 |
| Pleau-Fuller | 1 | $ 300.00 | $ 300.00 |
| Covington | 0.9 | $ 425.00 | $ 382.50 |
| Covington | 1.5 | $ 425.00 | $ 637.50 |
| Sityar | 1.1 | $ 138.00 | $ 151.80 |
| Covington | 2.4 | $ 425.00 | $ 1,020.00 |
| Pleau-Fuller | 0.6 | $ 300.00 | $ 180.00 |
| Roam | 3.2 | $ 300.00 | $ 960.00 |
| Pleau-Fuller | 0.1 | $ 300.00 | $ 30.00 |
| Roam | 5.4 | $ 300.00 | $ 1,620.00 |
| Roam | 4.5 | $ 300.00 | $ 1,350.00 |
| Covington | 2.5 | $ 425.00 | $ 1,062.50 |
| Roam | 3.3 | $ 300.00 | $ 990.00 |
| Roam | 5.1 | $ 300.00 | $ 1,530.00 |
| Sityar | 0.6 | $ 138.00 | $ 35.49 |
| Covington | 3.5 | $ 425.00 | $ 637.50 |
| Covington | 1.8 | $ 425.00 | $ 765.00 |
| Pleau-Fuller | 0.3 | $ 300.00 | $ 90.00 |
| Covington | 1.9 | $ 425.00 | $ 346.07 |
| Covington | 2.9 | $ 425.00 | $ 528.21 |
| Covington | 0.9 | $ 425.00 | $ 382.50 |
| Pleau-Fuller | 0.2 | $ 300.00 | $ 60.00 |
| Covington | 2 | $ 425.00 | $ 364.29 |
| Pleau-Fuller | 0.5 | $ 300.00 | $ 150.00 |
| Covington | 5.4 | $ 425.00 | $ 2,295.00 |
| Pleau-Fuller | 0.2 | $ 300.00 | $ 60.00 |
| Pleau-Fuller | 0.1 | $ 300.00 | $ 30.00 |
| Pleau-Fuller | 0.5 | $ 300.00 | $ 64.29 |
| Sityar | 0.2 | $ 138.00 | $ 27.60 |
| Sityar | 0.1 | $ 138.00 | $ 13.80 |
| Covington | 2.5 | $ 425.00 | $ 531.25 |
| Pleau-Fuller | 0.3 | $ 300.00 | $ 90.00 |
| Pleau-Fuller | 0.5 | $ 300.00 | $ 150.00 |
| Pleau-Fuller | 0.9 | $ 300.00 | $ 270.00 |
| Roam | 0.6 | $ 300.00 | $ 77.14 |
| Covington | 1.5 | $ 425.00 | $ 637.50 |
| Covington | 2.4 | $ 425.00 | $ 1,020.00 |
| Pleau-Fuller | 0.3 | $ 300.00 | $ 90.00 |
| Pleau-Fuller | 1.1 | $ 300.00 | $ 330.00 |

| Pleau-Fuller | 0.2 | $ | 300.00 | $ | 60.00 |
|---|---|---|---|---|---|
| Covington | 4.6 | $ | 425.00 | $ | 1,955.00 |
| Pleau-Fuller | 0.2 | $ | 300.00 | $ | 60.00 |
| Pleau-Fuller | 1.4 | $ | 300.00 | $ | 180.00 |
| Pleau-Fuller | 0.9 | $ | 300.00 | $ | 270.00 |
| Sityar | 0.3 | $ | 138.00 | $ | 17.74 |
| Covington | 1.6 | $ | 425.00 | $ | 680.00 |
| Covington | 0.8 | $ | 425.00 | $ | 340.00 |
| Pleau-Fuller | 0.3 | $ | 300.00 | $ | 90.00 |
| Pleau-Fuller | 0.2 | $ | 300.00 | $ | 25.71 |
| Covington | 0.3 | $ | 425.00 | $ | 127.50 |
| Pleau-Fuller | 0.2 | $ | 300.00 | $ | 60.00 |
| Roam | 3.8 | $ | 300.00 | $ | 1,140.00 |
| Sityar | 0.3 | $ | 138.00 | $ | 17.74 |
| Pleau-Fuller | 0.5 | $ | 300.00 | $ | 150.00 |
| Roam | 4.1 | $ | 300.00 | $ | 1,230.00 |
| Covington | 0.9 | $ | 425.00 | $ | 382.50 |
| Covington | 2.9 | $ | 425.00 | $ | 1,232.50 |
| Pleau-Fuller | 0.2 | $ | 300.00 | $ | 60.00 |
| Roam | 4.2 | $ | 300.00 | $ | 1,260.00 |
| Pleau-Fuller | 0.2 | $ | 300.00 | $ | 25.71 |
| Pleau-Fuller | 0.3 | $ | 300.00 | $ | 90.00 |
| Pleau-Fuller | 0.1 | $ | 300.00 | $ | 30.00 |
| Pleau-Fuller | 0.1 | $ | 300.00 | $ | 30.00 |
| Pleau-Fuller | 1.1 | $ | 300.00 | $ | 330.00 |
| Pleau-Fuller | 0.4 | $ | 300.00 | $ | 120.00 |
| Pleau-Fuller | 4.1 | $ | 300.00 | $ | 1,230.00 |
| Pleau-Fuller | 0.2 | $ | 300.00 | $ | 60.00 |
| Roam | 3.8 | $ | 300.00 | $ | 1,140.00 |
| Pleau-Fuller | 1.1 | $ | 300.00 | $ | 330.00 |
| Covington | 1.5 | $ | 425.00 | $ | 637.50 |
| Covington | 4.9 | $ | 425.00 | $ | 2,082.50 |
| Covington | 2.1 | $ | 425.00 | $ | 382.50 |
| Pleau-Fuller | 0.1 | $ | 300.00 | $ | 12.86 |
| Pleau-Fuller | 0.1 | $ | 300.00 | $ | 30.00 |
| Pleau-Fuller | 1.2 | $ | 300.00 | $ | 360.00 |
| Pleau-Fuller | 0.4 | $ | 300.00 | $ | 120.00 |
| Pleau-Fuller | 0.9 | $ | 300.00 | $ | 115.71 |
| Covington | 1.4 | $ | 425.00 | $ | 595.00 |
| Covington | 4.3 | $ | 425.00 | $ | 1,827.50 |
| Pleau-Fuller | 0.9 | $ | 300.00 | $ | 270.00 |

| | | | | | | |
|---|---|---|---|---|---|---|
| Pleau-Fuller | 0.2 | $ | 300.00 | $ | 60.00 |
| Sityar | 0.3 | $ | 138.00 | $ | 17.74 |
| Covington | 3.9 | $ | 425.00 | $ | 1,657.50 |
| Covington | 5.6 | $ | 425.00 | $ | 2,380.00 |
| Pleau-Fuller | 1 | $ | 300.00 | $ | 300.00 |
| Sityar | 1.1 | $ | 138.00 | $ | 65.06 |
| Covington | 2.9 | $ | 425.00 | $ | 1,232.50 |
| Pleau-Fuller | 1.7 | $ | 300.00 | $ | 218.57 |
| Sityar | 0.2 | $ | 138.00 | $ | 11.83 |
| Covington | 0.9 | $ | 425.00 | $ | 163.93 |
| Pleau-Fuller | 4.8 | $ | 300.00 | $ | 617.14 |
| Sityar | 0.1 | $ | 138.00 | $ | 5.91 |
| Pleau-Fuller | 2.9 | $ | 300.00 | $ | 435.00 |
| Covington | 0.9 | $ | 425.00 | $ | 382.50 |
| Covington | 2.9 | $ | 425.00 | $ | 528.21 |
| Sityar | 1.7 | $ | 138.00 | $ | 100.54 |
| Sityar | 0.1 | $ | 138.00 | $ | 5.91 |
| Goodman | 2.4 | $ | 185.00 | $ | 190.29 |
| Sityar | 0.4 | $ | 138.00 | $ | 23.66 |
| Pleau-Fuller | 3.1 | $ | 300.00 | $ | 930.00 |
| Pleau-Fuller | 0.2 | $ | 300.00 | $ | 25.71 |
| Pleau-Fuller | 1.6 | $ | 300.00 | $ | 205.71 |
| Sityar | 1 | $ | 138.00 | $ | 138.00 |
| Covington | 2.2 | $ | 425.00 | $ | 935.00 |
| Covington | 1.8 | $ | 425.00 | $ | 765.00 |
| Pleau-Fuller | 1 | $ | 300.00 | $ | 128.50 |
| Pleau-Fuller | 0.1 | $ | 300.00 | $ | 12.86 |
| Pleau-Fuller | 0.1 | $ | 300.00 | $ | 30.00 |
| Covington | 1.7 | $ | 425.00 | $ | 309.64 |
| Pleau-Fuller | 0.3 | $ | 300.00 | $ | 38.57 |
| Sityar | 0.4 | $ | 138.00 | $ | 55.20 |
| Sityar | 0.2 | $ | 138.00 | $ | 27.60 |
| Covington | 1.1 | $ | 425.00 | $ | 200.36 |
| Pleau-Fuller | 0.2 | $ | 300.00 | $ | 25.71 |
| Sityar | 0.3 | $ | 138.00 | $ | 17.74 |
| Sityar | 0.1 | $ | 138.00 | $ | 13.80 |
| Pleau-Fuller | 0.2 | $ | 300.00 | $ | 25.71 |
| Sityar | 0.2 | $ | 138.00 | $ | 11.83 |
| Covington | 1.4 | $ | 425.00 | $ | 595.00 |
| Covington | 0.7 | $ | 425.00 | $ | 297.50 |
| Covington | 1.8 | $ | 425.00 | $ | 765.00 |

| | | | |
|---|---:|---|---:|
| Pleau-Fuller | 0.2 | $ 300.00 | $ 60.00 |
| Pleau-Fuller | 0.2 | $ 300.00 | $ 25.71 |
| Pleau-Fuller | 0.2 | $ 300.00 | $ 60.00 |
| Covington | 2.4 | $ 425.00 | $ 1,020.00 |
| Covington | 1.8 | $ 425.00 | $ 327.86 |
| Covington | 2.3 | $ 425.00 | $ 418.93 |
| Covington | 0.7 | $ 425.00 | $ 297.50 |
| Pleau-Fuller | 3.2 | $ 300.00 | $ 960.00 |
| Covington | 0.8 | $ 425.00 | $ 340.00 |
| Covington | 0.6 | $ 425.00 | $ 255.00 |
| Covington | 0.7 | $ 425.00 | $ 297.50 |
| Pleau-Fuller | 2.8 | $ 300.00 | $ 840.00 |
| Covington | 2.9 | $ 425.00 | $ 1,232.50 |
| Pleau-Fuller | 0.7 | $ 300.00 | $ 210.00 |
| Covington | 1.7 | $ 425.00 | $ 722.50 |
| Covington | 0.8 | $ 425.00 | $ 340.00 |
| Sityar | 0.2 | $ 138.00 | $ 27.60 |
| Covington | 0.9 | $ 425.00 | $ 382.50 |
| Covington | 2.5 | $ 425.00 | $ 531.25 |
| Covington | 0.8 | $ 425.00 | $ 340.00 |
| Pleau-Fuller | 3.1 | $ 300.00 | $ 930.00 |
| Sityar | 0.2 | $ 138.00 | $ 27.60 |
| Covington | 0.5 | $ 425.00 | $ 212.50 |
| Pleau-Fuller | 2.4 | $ 300.00 | $ 720.00 |
| Covington | 1.4 | $ 425.00 | $ 595.00 |
| Covington | 2.4 | $ 425.00 | $ 1,020.00 |
| Covington | 2.7 | $ 425.00 | $ 1,147.50 |
| Sityar | 0.6 | $ 138.00 | $ 82.80 |
| Sityar | 0.8 | $ 138.00 | $ 110.40 |
| Sityar | 0.1 | $ 138.00 | $ 13.80 |
| Covington | 4.2 | $ 425.00 | $ 1,785.00 |
| Covington | 1.5 | $ 425.00 | $ 637.50 |
| Pleau-Fuller | 3.9 | $ 300.00 | $ 1,170.00 |
| Covington | 6.4 | $ 425.00 | $ 2,720.00 |
| Covington | 1.5 | $ 425.00 | $ 318.75 |
| Pleau-Fuller | 0.3 | $ 300.00 | $ 90.00 |
| Covington | 3.7 | $ 425.00 | $ 1,572.50 |
| Covington | 1.7 | $ 425.00 | $ 722.50 |
| Covington | 1.2 | $ 425.00 | $ 510.00 |
| Covington | 1.2 | $ 425.00 | $ 510.00 |
| Sityar | 0.1 | $ 138.00 | $ 13.80 |

| | | | | | |
|---|---|---|---|---|---|
| Covington | 5.9 | $ | 425.00 | $ | 2,507.50 |
| Pleau-Fuller | 3.1 | $ | 300.00 | $ | 930.00 |
| Sityar | 0.7 | $ | 138.00 | $ | 96.60 |
| Sityar | 0.5 | $ | 138.00 | $ | 69.00 |
| Covington | 0.8 | $ | 425.00 | $ | 340.00 |
| Sityar | 0.8 | $ | 138.00 | $ | 110.40 |
| Covington | 4.8 | $ | 425.00 | $ | 2,040.00 |
| Covington | 1.6 | $ | 425.00 | $ | 680.00 |
| Sityar | 2.4 | $ | 138.00 | $ | 331.20 |
| Sityar | 0.5 | $ | 138.00 | $ | 69.00 |
| Covington | 0.5 | $ | 425.00 | $ | 212.50 |
| Covington | 0.9 | $ | 425.00 | $ | 382.50 |
| Covington | 1.1 | $ | 425.00 | $ | 200.36 |
| Covington | 3.9 | $ | 425.00 | $ | 1,657.50 |
| Covington | 1.5 | $ | 425.00 | $ | 637.50 |
| Pleau-Fuller | 3.9 | $ | 300.00 | $ | 501.43 |
| Sityar | 0.1 | $ | 138.00 | $ | 13.80 |
| Covington | 5.4 | $ | 425.00 | $ | 2,295.00 |
| Covington | 1.4 | $ | 425.00 | $ | 595.00 |
| Covington | 1.2 | $ | 425.00 | $ | 510.00 |
| Sityar | 0.1 | $ | 138.00 | $ | 13.80 |
| Covington | 4.8 | $ | 425.00 | $ | 2,040.00 |
| Covington | 1.2 | $ | 425.00 | $ | 510.00 |
| Covington | 0.6 | $ | 425.00 | $ | 255.00 |
| Covington | 0.7 | $ | 425.00 | $ | 297.50 |
| Sityar | 1 | $ | 138.00 | $ | 138.00 |
| Sityar | 0.5 | $ | 138.00 | $ | 69.00 |
| Covington | 0.9 | $ | 425.00 | $ | 382.50 |
| Covington | 0.7 | $ | 425.00 | $ | 297.50 |
| Fraidenburgh | 2.4 | $ | 425.00 | $ | 1,020.00 |
| Sityar | 0.6 | $ | 138.00 | $ | 82.80 |
| Sityar | 0.7 | $ | 138.00 | $ | 96.60 |
| Covington | 4.5 | $ | 425.00 | $ | 1,912.50 |
| Covington | 1.3 | $ | 425.00 | $ | 552.50 |
| Covington | 1.8 | $ | 425.00 | $ | 765.00 |
| Pleau-Fuller | 3.9 | $ | 300.00 | $ | 1,170.00 |
| Covington | 0.6 | $ | 425.00 | $ | 255.00 |
| Covington | 4.3 | $ | 425.00 | $ | 783.21 |
| Pleau-Fuller | 4.2 | $ | 300.00 | $ | 1,260.00 |
| Covington | 3.8 | $ | 425.00 | $ | 1,615.00 |
| Covington | 0.8 | $ | 425.00 | $ | 340.00 |

| Covington | 0.9 | $ | 425.00 | $ | 382.50 |
|---|---|---|---|---|---|
| Fraidenburgh | 0.8 | $ | 425.00 | $ | 340.00 |
| Covington | 1.3 | $ | 425.00 | $ | 552.50 |
| Covington | 0.8 | $ | 425.00 | $ | 340.00 |
| Covington | 2.3 | $ | 425.00 | $ | 977.50 |
| Pleau-Fuller | 1.6 | $ | 300.00 | $ | 205.71 |
| Pleau-Fuller | 2.5 | $ | 300.00 | $ | 750.00 |
| Sityar | 0.2 | $ | 138.00 | $ | 27.60 |
| Covington | 0.8 | $ | 425.00 | $ | 340.00 |
| Covington | 1.7 | $ | 425.00 | $ | 722.50 |
| Covington | 0.9 | $ | 425.00 | $ | 382.50 |
| Pleau-Fuller | 0.2 | $ | 300.00 | $ | 60.00 |
| Covington | 4.4 | $ | 425.00 | $ | 1,870.00 |
| Covington | 0.8 | $ | 425.00 | $ | 340.00 |
| Pleau-Fuller | 0.2 | $ | 300.00 | $ | 60.00 |
| Covington | 1.8 | $ | 425.00 | $ | 765.00 |
| Covington | 1.2 | $ | 425.00 | $ | 510.00 |
| Sityar | 0.2 | $ | 138.00 | $ | 27.60 |
| Covington | 1.8 | $ | 425.00 | $ | 765.00 |
| Covington | 7.3 | $ | 425.00 | $ | 3,102.50 |
| Roam | 1 | $ | 300.00 | $ | 300.00 |
| Covington | 0.5 | $ | 425.00 | $ | 212.50 |
| Covington | 1.4 | $ | 425.00 | $ | 595.00 |
| Covington | 4.9 | $ | 425.00 | $ | 2,082.50 |
| Fraidenburgh | 1 | $ | 425.00 | $ | 425.00 |
| Pleau-Fuller | 0.5 | $ | 300.00 | $ | 150.00 |
| Roam | 6.2 | $ | 300.00 | $ | 1,860.00 |
| Covington | 2.4 | $ | 425.00 | $ | 1,020.00 |
| Covington | 0.9 | $ | 425.00 | $ | 382.50 |
| Covington | 1.9 | $ | 425.00 | $ | 807.50 |
| Roam | 5.4 | $ | 300.00 | $ | 1,620.00 |
| Covington | 0.5 | $ | 425.00 | $ | 212.50 |
| Covington | 0.8 | $ | 425.00 | $ | 340.00 |
| Roam | 5.3 | $ | 300.00 | $ | 1,590.00 |
| Covington | 2.8 | $ | 425.00 | $ | 1,190.00 |
| Covington | 1.1 | $ | 425.00 | $ | 467.50 |
| Covington | 0.9 | $ | 425.00 | $ | 382.50 |
| Covington | 5.4 | $ | 425.00 | $ | 2,295.00 |
| Roam | 2.4 | $ | 300.00 | $ | 308.57 |
| Covington | 0.9 | $ | 425.00 | $ | 382.50 |
| Covington | 0.4 | $ | 425.00 | $ | 170.00 |

| | | | |
|---|---:|---:|---:|
| Covington | 1.9 | $ 425.00 | $ 807.50 |
| Covington | 1.8 | $ 425.00 | $ 765.00 |
| Covington | 1.6 | $ 425.00 | $ 680.00 |
| Covington | 0.4 | $ 425.00 | $ 170.00 |
| Sityar | 0.4 | $ 138.00 | $ 55.20 |
| Pleau-Fuller | 0.4 | $ 300.00 | $ 120.00 |
| Covington | 1.7 | $ 425.00 | $ 722.50 |
| Pleau-Fuller | 0.2 | $ 300.00 | $ 60.00 |
| Pleau-Fuller | 0.8 | $ 300.00 | $ 240.00 |
| Yavin | 0.2 | $ 185.00 | $ 37.00 |
| Covington | 1.6 | $ 425.00 | $ 340.00 |
| Covington | 0.3 | $ 425.00 | $ 127.50 |
| Covington | 0.6 | $ 425.00 | $ 255.00 |
| Fraidenburgh | 0.5 | $ 425.00 | $ 212.50 |
| Pleau-Fuller | 0.5 | $ 300.00 | $ 64.29 |
| Roam | 1.4 | $ 300.00 | $ 420.00 |
| Covington | 0.8 | $ 425.00 | $ 340.00 |
| Covington | 0.7 | $ 425.00 | $ 297.50 |
| Covington | 5.9 | $ 425.00 | $ 2,507.50 |
| Pleau-Fuller | 0.3 | $ 300.00 | $ 90.00 |
| Covington | 1.9 | $ 425.00 | $ 807.50 |
| Covington | 1.2 | $ 425.00 | $ 510.00 |
| Pleau-Fuller | 3.6 | $ 300.00 | $ 1,080.00 |
| Pleau-Fuller | 2.6 | $ 300.00 | $ 780.00 |
| Pleau-Fuller | 0.9 | $ 300.00 | $ 115.71 |
| Roam | 3.3 | $ 300.00 | $ 990.00 |
| Covington | 1.9 | $ 425.00 | $ 807.50 |
| Pleau-Fuller | 0.3 | $ 300.00 | $ 90.00 |
| Roam | 0.9 | $ 300.00 | $ 270.00 |
| Covington | 1.7 | $ 425.00 | $ 722.50 |
| Covington | 0.9 | $ 425.00 | $ 382.50 |
| Covington | 1.5 | $ 425.00 | $ 637.50 |
| Pleau-Fuller | 0.3 | $ 300.00 | $ 90.00 |
| Pleau-Fuller | 0.7 | $ 300.00 | $ 210.00 |
| Pleau-Fuller | 3.7 | $ 300.00 | $ 370.00 |
| Covington | 0.4 | $ 425.00 | $ 170.00 |
| Roam | 1 | $ 300.00 | $ 300.00 |
| Covington | 1.4 | $ 425.00 | $ 595.00 |
| Covington | 1.6 | $ 425.00 | $ 680.00 |
| Pleau-Fuller | 0.4 | $ 300.00 | $ 120.00 |
| Roam | 0.5 | $ 300.00 | $ 150.00 |

| | | | |
|---|---|---|---|
| Roam | 1 | $ 300.00 | $ 300.00 |
| Covington | 3 | $ 425.00 | $ 1,275.00 |
| Covington | 1.2 | $ 425.00 | $ 510.00 |
| Covington | 0.9 | $ 425.00 | $ 382.50 |
| Covington | 0.7 | $ 425.00 | $ 297.50 |
| Covington | 1.4 | $ 425.00 | $ 595.00 |
| Roam | 0.9 | $ 300.00 | $ 270.00 |
| Covington | 2.9 | $ 425.00 | $ 1,232.50 |
| Covington | 0.5 | $ 425.00 | $ 212.50 |
| Covington | 1.5 | $ 425.00 | $ 637.50 |
| Covington | 1.8 | $ 425.00 | $ 765.00 |
| Covington | 0.8 | $ 425.00 | $ 340.00 |
| Covington | 1.5 | $ 425.00 | $ 637.50 |
| Fraidenburgh | 1.2 | $ 425.00 | $ 510.00 |
| Sityar | 0.1 | $ 138.00 | $ 13.80 |
| Covington | 2.3 | $ 425.00 | $ 418.93 |
| Covington | 3.5 | $ 425.00 | $ 1,487.50 |
| Covington | 1.3 | $ 425.00 | $ 236.79 |
| Pleau-Fuller | 0.8 | $ 300.00 | $ 102.86 |
| Covington | 0.7 | $ 425.00 | $ 297.50 |
| Covington | 1.4 | $ 425.00 | $ 595.00 |
| Pleau-Fuller | 0.5 | $ 300.00 | $ 150.00 |
| Sityar | 0.2 | $ 138.00 | $ 27.60 |
| Covington | 2.3 | $ 425.00 | $ 977.50 |
| Covington | 1.9 | $ 425.00 | $ 807.50 |
| Fraidenburgh | 0.5 | $ 425.00 | $ 212.50 |
| Sityar | 0.2 | $ 138.00 | $ 27.60 |
| Roam | 4.8 | $ 300.00 | $ 1,440.00 |
| Covington | 0.9 | $ 425.00 | $ 382.50 |
| Covington | 0.9 | $ 425.00 | $ 382.50 |
| Sityar | 0.1 | $ 138.00 | $ 13.80 |
| Covington | 1.3 | $ 425.00 | $ 552.50 |
| Covington | 0.9 | $ 425.00 | $ 382.50 |
| Fraidenburgh | 1.3 | $ 425.00 | $ 552.50 |
| Sityar | 0.5 | $ 138.00 | $ 69.00 |
| Covington | 2.9 | $ 425.00 | $ 1,232.50 |
| Pleau-Fuller | 2.8 | $ 300.00 | $ 840.00 |
| Pleau-Fuller | 0.2 | $ 300.00 | $ 60.00 |
| Covington | 1.7 | $ 425.00 | $ 722.50 |
| Covington | 0.8 | $ 425.00 | $ 340.00 |
| Covington | 0.9 | $ 425.00 | $ 382.50 |

| | | | |
|---|---|---|---|
| Roam | 3.4 | $ 300.00 | $ 1,020.00 |
| Covington | 1.8 | $ 425.00 | $ 327.86 |
| Covington | 0.9 | $ 425.00 | $ 163.93 |
| Covington | 1.9 | $ 425.00 | $ 346.07 |
| Sityar | 0.1 | $ 138.00 | $ 5.91 |
| Covington | 0.9 | $ 425.00 | $ 382.50 |
| Pleau-Fuller | 0.9 | $ 300.00 | $ 270.00 |
| Roam | 5.8 | $ 300.00 | $ 1,740.00 |
| Covington | 0.5 | $ 425.00 | $ 212.50 |
| Covington | 1.1 | $ 425.00 | $ 467.50 |
| Covington | 2.2 | $ 425.00 | $ 935.00 |
| Pleau-Fuller | 0.2 | $ 300.00 | $ 60.00 |
| Covington | 2.9 | $ 425.00 | $ 1,232.50 |
| Covington | 2.1 | $ 425.00 | $ 892.50 |
| Pleau-Fuller | 0.2 | $ 300.00 | $ 60.00 |
| Pleau-Fuller | 2.1 | $ 300.00 | $ 630.00 |
| Covington | 1.8 | $ 425.00 | $ 765.00 |
| Covington | 1.8 | $ 425.00 | $ 765.00 |
| Roam | 1.1 | $ 300.00 | $ 330.00 |
| Covington | 0.6 | $ 425.00 | $ 109.29 |
| Covington | 0.4 | $ 425.00 | $ 170.00 |
| Covington | 1.2 | $ 425.00 | $ 218.57 |
| Covington | 0.9 | $ 425.00 | $ 382.50 |
| Covington | 1.6 | $ 425.00 | $ 680.00 |
| Covington | 1.5 | $ 425.00 | $ 273.21 |
| Fraidenburgh | 1.5 | $ 425.00 | $ 273.21 |
| Covington | 2.7 | $ 425.00 | $ 491.79 |
| Covington | 0.9 | $ 425.00 | $ 382.50 |
| Covington | 2.8 | $ 425.00 | $ 510.00 |
| Covington | 0.5 | $ 425.00 | $ 212.50 |
| Covington | 2.3 | $ 425.00 | $ 418.93 |
| Covington | 2.4 | $ 425.00 | $ 1,020.00 |
| Fraidenburgh | 1.2 | $ 425.00 | $ 510.00 |
| Fraidenburgh | 3.4 | $ 425.00 | $ 619.29 |
| Pleau-Fuller | 0.2 | $ 300.00 | $ 60.00 |
| Sityar | 0.1 | $ 138.00 | $ 13.80 |
| Covington | 1.7 | $ 425.00 | $ 309.64 |
| Fraidenburgh | 2.4 | $ 425.00 | $ 1,020.00 |
| Covington | 0.9 | $ 425.00 | $ 382.50 |
| Covington | 0.2 | $ 425.00 | $ 85.00 |
| Covington | 0.9 | $ 425.00 | $ 382.50 |

| | | | |
|---|---|---|---|
| Covington | 0.9 | $ 425.00 | $ 163.93 |
| Covington | 0.5 | $ 425.00 | $ 212.50 |
| Covington | 1.9 | $ 425.00 | $ 807.50 |
| Pleau-Fuller | 1.2 | $ 300.00 | $ 360.00 |
| Covington | 3.7 | $ 425.00 | $ 1,572.50 |
| Covington | 3.8 | $ 425.00 | $ 807.50 |
| Covington | 0.3 | $ 425.00 | $ 54.64 |
| Covington | 1.8 | $ 425.00 | $ 765.00 |
| Covington | 0.4 | $ 425.00 | $ 170.00 |
| Covington | 0.3 | $ 425.00 | $ 54.64 |
| Covington | 0.6 | $ 425.00 | $ 255.00 |
| Pleau-Fuller | 0.2 | $ 300.00 | $ 60.00 |
| Covington | 1.9 | $ 425.00 | $ 807.50 |
| Covington | 2.2 | $ 425.00 | $ 467.50 |
| Covington | 2.3 | $ 425.00 | $ 977.50 |
| Covington | 1.2 | $ 425.00 | $ 218.57 |
| Covington | 1.2 | $ 425.00 | $ 218.57 |
| Covington | 3.4 | $ 425.00 | $ 1,445.00 |
| Covington | 1.9 | $ 425.00 | $ 807.50 |
| Pleau-Fuller | 0.2 | $ 300.00 | $ 60.00 |
| Covington | 1.8 | $ 425.00 | $ 765.00 |
| Covington | 0.6 | $ 425.00 | $ 109.29 |
| Covington | 2.4 | $ 425.00 | $ 510.00 |
| Covington | 1.4 | $ 425.00 | $ 595.00 |
| Sityar | 0.3 | $ 138.00 | $ 41.40 |
| Roam | 3.7 | $ 300.00 | $ 555.00 |
| Covington | 1.5 | $ 425.00 | $ 637.50 |
| Pleau-Fuller | 0.2 | $ 300.00 | $ 60.00 |
| Sityar | 0.5 | $ 138.00 | $ 69.00 |
| Sityar | 3.2 | $ 138.00 | $ 441.60 |
| Covington | 0.5 | $ 425.00 | $ 212.50 |
| Covington | 0.2 | $ 425.00 | $ 85.00 |
| Pleau-Fuller | 0.5 | $ 300.00 | $ 150.00 |
| Covington | 0.9 | $ 425.00 | $ 382.50 |
| Covington | 1 | $ 425.00 | $ 425.00 |
| Pleau-Fuller | 1.5 | $ 300.00 | $ 450.00 |
| Sityar | 0.5 | $ 138.00 | $ 69.00 |
| Covington | 2.9 | $ 425.00 | $ 1,232.50 |
| Covington | 0.9 | $ 425.00 | $ 382.50 |
| Covington | 1.8 | $ 425.00 | $ 382.50 |
| Pleau-Fuller | 0.6 | $ 300.00 | $ 180.00 |

| | | | |
|---|---|---|---|
| Covington | 1.6 | $ 425.00 | $ 680.00 |
| Pleau-Fuller | 0.5 | $ 300.00 | $ 150.00 |
| Covington | 1.2 | $ 425.00 | $ 510.00 |
| Pleau-Fuller | 0.6 | $ 300.00 | $ 180.00 |
| Covington | 1.8 | $ 425.00 | $ 765.00 |
| Covington | 0.4 | $ 425.00 | $ 170.00 |
| Sityar | 0.1 | $ 138.00 | $ 13.80 |
| Covington | 1.9 | $ 425.00 | $ 807.50 |
| Covington | 1.1 | $ 425.00 | $ 467.50 |
| Covington | 0.5 | $ 425.00 | $ 212.50 |
| Pleau-Fuller | 0.2 | $ 300.00 | $ 60.00 |
| Pleau-Fuller | 0.3 | $ 300.00 | $ 90.00 |
| Covington | 0.3 | $ 425.00 | $ 127.50 |
| Pleau-Fuller | 3.1 | $ 300.00 | $ 930.00 |
| Pleau-Fuller | 2.5 | $ 300.00 | $ 750.00 |
| Roam | 1.9 | $ 300.00 | $ 570.00 |
| Roam | 5.3 | $ 300.00 | $ 1,590.00 |
| Covington | 1.1 | $ 425.00 | $ 467.50 |
| Covington | 1.4 | $ 425.00 | $ 595.00 |
| Roam | 0.8 | $ 300.00 | $ 240.00 |
| Covington | 2.8 | $ 425.00 | $ 1,190.00 |
| Covington | 1.2 | $ 425.00 | $ 510.00 |
| Roam | 4.5 | $ 300.00 | $ 1,350.00 |
| Fraidenburgh | 1.4 | $ 425.00 | $ 595.00 |
| Pleau-Fuller | 1.1 | $ 300.00 | $ 330.00 |
| Covington | 3.8 | $ 425.00 | $ 1,615.00 |
| Covington | 1.9 | $ 425.00 | $ 807.50 |
| Sityar | 0.3 | $ 138.00 | $ 41.40 |
| Sityar | 0.2 | $ 145.00 | $ 29.00 |
| Sityar | 0.1 | $ 145.00 | $ 14.50 |
| Sityar | 0.1 | $ 145.00 | $ 14.50 |
| Covington | 0.5 | $ 468.00 | $ 234.00 |
| Covington | 0.9 | $ 468.00 | $ 421.20 |
| Covington | 1.6 | $ 468.00 | $ 748.80 |
| Covington | 0.8 | $ 468.00 | $ 374.40 |
| Covington | 1.7 | $ 468.00 | $ 795.60 |
| Pleau-Fuller | 0.2 | $ 345.00 | $ 69.00 |
| Covington | 2 | $ 468.00 | $ 936.00 |
| Covington | 1.4 | $ 468.00 | $ 655.20 |
| Covington | 0.9 | $ 468.00 | $ 421.20 |
| Covington | 3.8 | $ 468.00 | $ 1,778.40 |

| | | | |
|---|---|---|---|
| Covington | 1.2 | $ 468.00 | $ 561.60 |
| Covington | 4.9 | $ 468.00 | $ 2,293.20 |
| Covington | 1.4 | $ 468.00 | $ 327.60 |
| Covington | 3.9 | $ 468.00 | $ 1,825.20 |
| Covington | 1 | $ 468.00 | $ 468.00 |
| Covington | 1.9 | $ 468.00 | $ 889.20 |
| Covington | 0.9 | $ 468.00 | $ 421.20 |
| Judd | 4.2 | $ 468.00 | $ 1,965.60 |
| **Total** | **817.2** | | **$ 277,596.04** |